### C. W. BOSCOW v. THE STATE.

*No. 273.   Decided May 23.*

**1.   Swindling—False Pretenses—Evidence.**—On a trial for swindling by obtaining money under the false pretense that defendant was associated in the practice of medicine with one H., *Held*, that H. could testify to the falsity of such statement both as to himself and his son H., who was his (H.'s) partner in the practice of medicine.

**2.   Abuse of Argument by Counsel—Practice on Appeal.**—Unless exceptions be taken at the time to abusive and denunciatory remarks of the prosecuting attorney against the accused, and instructions be also asked of the court concerning said remarks, they will not be considered on appeal.

**3.   Swinding—Evidence—False Promise.**—A false promise to do a certain thing in the future is not swindling; but where the promise is connected with the statement of an existing fact which is false, and without which fact the money or credit could not otherwise have been obtained, *Held*, sufficient to support a charge of swindling.

APPEAL from the County Court of Fayette. Tried below before Hon. W. S. ROBSON, County Judge.

This appeal is from a conviction for swindling, under an information which charged appellant with obtaining $15 from one Dunn upon the false pretense that he (appellant) was a practicing physician and member of the San Antonio Medical Institute, of which Dr. Herff was president, and that he was associated with the said Dr. Herff in the practice of medicine. Upon these false statements and pretenses

Dunn employed appellant as a physician to treat and cure his wife, and in part payment of, and to secure services, advanced him the $15. The trial resulted in appellant's conviction, with punishment assessed at two months' imprisonment in the county jail and a fine of $150.

The bill of exceptions with regard to the testimony of Dr. Herff is as follows:

"*The State of Texas v. O. W. Boscow.*—Be it remembered, that upon the trial of the above styled and numbered cause, over the objection of the defendant, the witness, Dr. Adolph Herff, was permitted to testify, that defendant was not in partnership with his son, and had no business relations with him as a physician, to which ruling of the court the defendant then excepted, and now here tenders this his bill of exceptions, and prays that the same may be signed, approved, and made a part of the record of this cause, which is accordingly done.

"Granted, with this qualification: Dr. Herff testified, in this connection, that he was associated with his son in the practice of medicine in San Antonio, Texas.                    W. S. ROBSON, Judge."

*Brown, Lane & Jackson*, for appellant.—The court erred in refusing to grant defendant's motion for a new trial upon the fifth ground relied upon in said motion, to wit, that "the information in this cause charges no violation of any penal law of the State of Texas;" for the reason, that a portion of the allegations of the information which is alleged to have induced the witness Dunn to part with his money consists of promises on the part of defendant to perform certain acts and do certain things in the future, and can not form the basis of swindling.

False promises to do or perform certain acts in the future can not form the basis of a prosecution for the crime of swindling.

The information charges, as a part of the false pretenses relied upon, that the defendant Boscow promised to cure the wife of the witness Dunn, and said that he could do so; and the information further charges, that it was by reason of all of the false statements alleged in the information that caused the witness Dunn to part with his money.

*R. L. Henry*, Assistant Attorney-General, for the State.

SIMKINS, JUDGE.—1. The court did not err in permitting Dr. Adolph Herff to testify that he was not associated with defendant in the practice of medicine himself, nor was his son so associated with said defendant. A part of the false pretenses upon which appellant is alleged to have obtained the money from the witness Dunn, who employed him to cure his wife, was that he (appellant) was a member of a medical in-

stitute in San Antonio, in which there were twelve physicians, Dr. Herff being one, and he (defendant) was associated with Dr. Herff in the practice of medicine.   The witness was shown to be fully qualified to disprove these statements.

2.  The remarks of the county attorney were highly improper. There is no case in which invective and abuse on the part of the officer of the State to the defendant is ever justifiable.   But surely in a case like this, where the very strength of the testimony against defendant was its best comment, all that could have been necessary was a fair presentation of the case; but, strange to say, the remarks were not excepted to, nor was any instruction asked in reference thereto.   It is true that a bill of exceptions was taken at sometime afterwards, but the court says his attention was not called to the language at the time, nor was an exception taken.   Under these circumstances, we do not think the case ought to be reversed.   Attorneys should be prompt in protecting their clients in the methods pointed out by the law.

3.  Appellant insists that because the information charges, as a part of the false pretenses relied upon, that he was to perform certain acts in the future, to wit, to cure the wife of the witness Dunn, the same can not be made the basis of swindling.   It is true, that if the witness Dunn had relied alone on the promise it could not be swindling; but where the promise is connected with the false pretense of an existing fact, as that he was a physician, and at that very time associated with other physicians known to Dunn, and he thereby obtained a credit and influence with the said Dunn that he could not otherwise have obtained, it would support the charge.   2 Bish. Crim. Law, 424.

The judgment is affirmed.

*Affirmed.*

Judges all present and concurring.