### J. H. MARTIN V. THE STATE.

*No. 1031. Decided May 27th, 1896.*

#### 1. Swindling—Pretenses.

The pretenses upon which swindling can be predicated, must relate to existing facts or past events; mere false promises or false professions of intention, though acted upon, are insufficient.

#### 2. Same—Indictment.

Where an indictment for swindling, based upon a check or draft drawn on a bank by accused, in payment for certain cattle, alleges, as the false pretense or representation, that in connection with the delivery of the check, defendant stated to the drawer that, "he would have no trouble to get his money upon his presenting the said draft to said bank." Held: That the representation, as alleged, was not as to an existing fact, but related to a future event, and was in the nature of a promise that

the drawee would have no trouble in obtaining the money on the check; it was not equivalent to representing that the accused then had money in said bank, or that he was authorized to draw against it. There should have been a certain and distinct representation of some existing fact alleged directly or by appropriate innuendo, if necessary, in order to charge swindling.

3.  **Evidence of Other Crimes—Charge Limiting and Restricting.**

   On a trial for swindling, where evidence of another fraudulent transaction has been admitted, it is error for the court, in the charge, to fail or omit to limit and restrict the purpose for which it could alone be considered by the jury, and it is not necessary that defendant should have requested such a charge, or excepted to the charge given, on account of such omission, in order to require revisory action on the matter by the court on appeal.

APPEAL from the District Court of Atascosa.    Tried below before Hon. M. F. LOWE.

This appeal is from a conviction for swindling, the punishment being assessed at two years' imprisonment in the penitentiary.

No statement of the case necessary.

*T. W. Hankinson* and *F. H. Bannister*, for appellant.

*Mann Trice*, Assistant Attorney-General, for the State.

[No briefs found with the record.—Reporter.]

DAVIDSON, JUDGE.—Appellant was convicted of swindling, and his punishment assessed at two years in the penitentiary, and he prosecutes this appeal.    No motion was made in the court below to quash the indictment, and the matter is presented for the first time in this court. The indictment alleges the swindle in this case to consist of a check drawn by the appellant, he signing the name of Martin & Siler, for $178, in favor of W. S. Dunmore—said check being drawn on the Fifth National Bank of San Antonio, Texas, and, in connection therewith, the representation by the appellant to said Dunmore that he "would have no trouble to get his (the said W. S. Dunmore's) money upon his (said W. S. Dunmore's) presenting the said draft to the said bank;" and that, by means of said check or draft and representations, the defendant induced the said Dunmore to sell and deliver to him twenty head of cattle, valued at $178.  The traverse of the false pretenses set out was "that in fact and in truth, that said draft was not of any value, and the said Dunmore could not get any money upon the presentation of the same to the Fifth National Bank of San Antonio, Texas, because the drawers of the said draft, to-wit: Martin & Siler, had no money in said bank on the date said draft was drawn; neither was the said J. H. Martin authorized by the said bank, on the date said draft was drawn, to draw drafts on the said bank, under the firm name of Martin & Siler."   The pretenses upon which swindling can be predicated must relate to existing facts or past events.   Mere false promises or false professions of intention, though acted upon, are not sufficient.   See, Allen v. State, 16, Tex. Crim. App., 150.   It will be noticed that the indictment does not charge that Martin represented to Dunmore that he or the firm of Martin & Siler had money in the bank at San Antonio at the time, or that, not having money in

said bank, they were authorized to draw checks on the same, and they would be paid. The traverse allegations are to this effect. The fraudulent statement is that Dunmore would have no trouble in getting his (Dunmore's) money at the bank. Suppose that, at the time, the firm of Martin & Siler had money in said bank, and the bank afterwards failed, and that Dunmore had been put to trouble to get his money, and in the end lost it, or a part of it; would it have been swindling? We apprehend not. Again, suppose the appellant had no funds in the bank, but had some existing arrangements with the bank, by which he was authorized to draw checks on it, but, on some account, subsequently a hitch occurred, and the bank refused to honor his checks, and Dunmore should encounter trouble in collecting the money; would this have been swindling? We do not think so. The representation here made, as it appears, was not to an existing fact, but related to a future event, and was in the nature of a representation or promise that the drawee would have no trouble in obtaining the money on the check. No doubt, Dunmore understood by the suggestion that the defendant had money in said bank, or was authorized to draw against it; and, doubtless, the appellant intended that he should so understand him. The indictment, however, contains no allegations to this effect, and no innuendoes conveying this meaning; the sole averment being as stated above. In our opinion, before a defendant can be convicted of the offense of swindling, there must be a distinct and certain representation of an existing fact, and the indictment must show such certain and distinct representation of the fact, either past or present; and sometimes it may occur that representations, in order to be rendered certain and distinct, should be accompanied by appropriate innuendoes. As stated, no such are used in this case; and the bare statement of the appellant, in connection with the delivery of the draft to Dunmore, that he would have no trouble in getting his money, was not, in our view, equivalent to representing that he then had money in said bank, or that he was authorized to draw against it. There is another question raised by the appellant in this case, which is fatal to the conviction. The court admitted in evidence before the jury another alleged fraudulent transaction between the appellant and another party, of the same character as that charged in the indictment in this case, to-wit: with one Jess Gunn; and still another transaction of the same character was admitted in evidence, being a transaction between one Alex. Harrison and the defendant. The court, in its charge, failed to limit the purpose and object of this testimony. Appellant saved a bill of exceptions to the refusal of the court to properly limit this testimony. It was the duty of the court to have so limited it, without any request or exception; and, in order to revise the action of the court in this regard, an exception was not necessary. See, Reno v. State, 25 Tex. Crim. App., 110; Barnes v. State, 28 Tex. Crim. App., 30; Carter v. State, 23 Tex. Crim. App., 508; Mayfield v. State, 23 Tex. Crim. App., 645; Alexander v. State, 21 Tex. Crim. App., 407; Holmes v. State, 20 Tex. Crim. App., 509; Kelley v. State, 18 Tex.

Crim. App., 262; House v. State, 16 Tex. Crim. App., 32; Barton v. State, 28 Tex. Crim. App., 484; Washington v. State, 23 Tex. Crim. App., 338; Maines v. State, 23 Tex. Crim. App., 568; Davidson v. State, 22 Tex. Crim. App., 382; Higgenbotham v. State, 24 Tex. Crim. App., 505.   The judgment is reversed, and the cause remanded.

*Reversed and Remanded.*