### Manny Fairy v. The State.

No. 3415.     Decided November 9, 1906.

#### 1.—Swindling—Information—Promise in Future.

Where in a prosecution for swindling, the information charged that defendant represented to the prosecutor that a third party had agreed to go on a note with him to secure $10 for which prosecutor would treat his teeth, this was a representation of an existing fact, and not a promise in the future; and where there was an allegation in the information that prosecutor was induced by the representations of defendant to part with his property, it was not necessary to further allege that he relied on the false representation so made.

#### 2.—Same—Insufficiency of Testimony.

Where upon a trial for swindling the evidence showed that the defendant had made representations to the prosecutor that certain parties would go on defendant's

note as security to secure the prosecutor the $10 for work and material in treating defendant's teeth, but that these parties declined to go on said note, after the work was done. Held, that there were no false representations by defendant; what happened subsequently was beyond his control.

Appeal from the County Court of Hopkins. Tried below before Hon. T. J. Russel.

Appeal from a conviction of swindling; penalty, a fine of $30 and twenty days confinement in the county jail.

The opinion states the case.

*Templeton, Crosby & Dinsmore* and *Leach & Allen,* for appellant.— On question of representation made by defendant: Lively v. State, 74 S. W. Rep., 321; Perry v. State, 46 S. W. Rep., 816; Gaskins v. State, 38 S. W. Rep., 470.

*J. E. Yantis,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of swindling, and his punishment assessed at a fine of $30 and twenty days imprisonment in the county jail.

Some objections are urged against the information, but from an inspection of the same it appears to us to be good. There is an allegation to the effect, that appellant knew the representations to be false when he made them. We also believe the representations are sufficiently set forth. It is also insisted that the information is defective, because the representations alleged therein are not of such character as to authorize the prosecution for swindling; that it is a promise to do something in the future. An inspection of the information, however, discloses that it is charged appellant represented to the prosecutor, that Gran Corbin had agreed to go on the note with him, to secure the $10 for work and material in fixing his teeth: prosecutor being a dentist. Our statute seems to be very comprehensive, and while the contract here appears to have been to do something in the future, yet as we understand the allegation, it was a distinct charge to the effect, that Corbin had agreed with appellant to go on the note with him to prosecutor for the sum of $10, in order to secure payment for his work as a dentist. This was a representation of an existing fact. We find no distinct allegation that prosecutor relied on false representations so made to him. However, it has been held that an allegation to the effect that prosecutor was induced thereby to part with his property, etc., is sufficient. Baker v. State, 14 Texas Crim. App., 332.

It appears from the record that appellant was tried without counsel, and subsequent to the trial he employed counsel. So there are some questions made as to the charge of the court and the failure to give certain charges which we cannot consider. The material question, however, as presented by the record is, whether the proof sustain the

charge in the information. The information, as we have before seen, charges that appellant made to prosecutor the false representation that Gran Corbin had agreed to go on his note for $10. It appears from the testimony that Gran Corbin had agreed to go on the note with appellant, and told appellant to tell Dr. Oliver that he would go on the note with him. There is testimony showing, as between appellant and Corbin, that Corbin agreed to go on this note, if Robertson, in whose employ appellant was, would go on the note. · Appellant testified that Robertson agreed to go on the note and so informed Corbin. However, it appears that on the evening subsequent to this, Robertson went to Corbin and told him that he would not go on the note, and after this appellant went to the parties to get them to go on the note, as they had agreed to do, but they declined to go on the same. This refusal was after the work had been done by Dr. Oliver. Evidently appellant believed, when he told Oliver, and he had a right to believe, that he would give him the secured note; but he failed to comply with his promise in this respect. As stated, prosecutor relied on Corbin's name, and knew nothing about Robertson going on the note. Corbin testifies distinctly that he told appellant to tell Oliver that he would secure the note. Robertson was not put on the stand, and nowhere is it shown that he did not in the first instance agree to go on said note as testified to by appellant. So we take it, from the record in this case, that appellant did not make a false representation, from his standpoint, when he told Oliver that he would give him a note with Corbin as security. What happened subsequently was beyond his control.

Because of the insufficiency of the evidence, the judgment is reversed and the cause remanded.

*Reversed and remanded.*