### T. J. WINDHAM v. THE STATE.

No. 2617. Decided October 15, 1913.

**1.—Swindling—Indictment—Future Matter.**

Where, upon trial of swindling, it appeared from the face of the indictment that the representations as alleged were as to some future matter, and not as to some past occurrence or then existing matter, the same was bad on motion to quash. Following Johnson v. State, 41 Texas, 65, and other cases.

**2.—Same—Rule Stated—Promise Not Swindling.**

It has always been held in this State that false promises or false professions of intention, although they may have been acted upon are insufficient to constitute swindling. Following Martin v. State, 36 Texas Crim. Rep., 125; 35 S. W. Rep., 976, and other cases.

**3.—Same—Case Stated—Naked Promise.**

Where, upon trial of swindling, the conviction was predicated on defendant's naked promise to make a deed to certain land in the future by which he obtained certain notes, the conviction could not be sustained. Following Allen v. State, 16 Texas Crim. App., 150, and other cases.

Appeal from the District Court of Newton. Tried below before the Hon. A. E. Davis.

Appeal from a conviction of swindling; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*J. M. Reagan* and *Forse & Wigley* and *Cheatham & Stout*, for appellant.—Cited cases in opinion.

*C. E. Lane*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of swindling. The indictment charges appellant with swindling Mrs. Youngblood, the allegation being, in substance, that she was the owner and in possession of four vendor lien notes each dated September 20, 1909, and payable respectively on the 1st day of October, 1910, 1911, 1912 and 1913, for the sum of $100, each drawing 10 per cent interest annually. The notes were executed on the 20th day of September, 1909, by one S. V. Lott,

and being given in part payment for forty-eight acres of land, a part of the Wm. Williams league in Newton County, and being the J. H. Booker farm, containing the dwelling and improvements, and that theretofore, towit, on or about the 23rd day of February, 1912, T. J. Windham in said county and State, for the purpose of acquiring and obtaining from Mrs. Youngblood said vendor's lien notes, did fraudulently and wilfully promise and agree to make and deliver to her, the said Mrs. Youngblood, a deed of conveyance to the forty-eight acres of land, a part of the Wm. Williams league in Newton County, being the land for which the said notes were given in part payment thereof, and by reason of such fraudulent representations and agreements induced Mrs. Youngblood to deliver to him the aforesaid vendor's lien notes which were of the value of $100 each, and the said T. J. Windham did then and there and by means aforesaid acquire from Mrs. Youngblood said vendor's lien notes, the same being the property of the said Mrs. Youngblood, with the intent then and there to appropriate the same to the use of him, the said T. J. Windham, when in truth and in fact the said T. J. Windham did not convey the said forty-eight acres of land to her, Mrs. Youngblood, but instead of so doing he, the said T. J. Windham, did fraudulently, wilfully and knowingly make and execute and deliver a deed of conveyance to Mrs. Youngblood, which is as follows. It is unnecessary to set out the field notes in the deed executed by defendant, but after giving the field notes it recites that it contains fifty-six acres of land, more or less, with the usual clause. The grand jury further said that this above mentioned deed was fraudulently, wilfully and knowingly delivered to the said Mrs. Youngblood by appellant without her consent and without her knowledge, in that she, the said Mrs. Youngblood, relied upon the representations made to her that she was to receive a deed of conveyance to the forty-eight acres of land first mentioned herein and that she, Mrs. Youngblood, believed at the time the notes were delivered that it was a deed to said forty-eight acres of land, and but for such false and fraudulent representations so made by appellant, Mrs. Youngblood would not have given and delivered the notes to appellant, and that the deed so delivered to her by appellant was worthless, being of no value, and was delivered to Mrs. Youngblood with the intent to defraud her of the value of said notes; and that appellant then and there knew that said pretenses and representations so made by him to Mrs. Youngblood were false.

Many reasons are assigned why this indictment is vicious. It certainly is a very vague and indefinitely written document. Besides, in the last clause just above it does not show or allege what pretenses and representations made by appellant to Mrs. Youngblood were false,—whether they were original pretenses or representations to obtain the notes, or whether pretenses and representations with reference to the deed he did deliver. It is also vague, indefinite and uncertain in that it does not, except in a most inferential way, undertake to exclude the

idea that the forty-eight acres about which the first conversation occurred were not included in the field notes for the fifty-six acres. That the pleader may have intended to convey the idea that the forty-eight and fifty-six acres were different tracts of land, doubtless may be true, but the allegations do not, except in a most inferential way, so show. But there is beyond all this a fatal defect that goes to the very gist of the whole matter. The representations as alleged were as to some future matter,—not as to some past occurrence or then existing matter. If he obtained the notes by fraudulent representations that he would convey a title to forty-eight acres of land, this was an occurrence to take place at some future time, not even specified in the representations or mentioned in the indictment. But the notes were transferred not as to a past matter or existing fact, but on something to be done by the appellant at some time in the future. This would not constitute the offense of swindling, and can not be made under our statute to do so, for the statute expressly excludes matters of that sort as forming the basis of swindling. In addition to the statute, see Johnson v. State, 41 Texas, 65; Martin v. State, 36 Texas Crim. Rep., 125, 35 S. W. Rep., 975; Allen v. State, 16 Texas Crim. App., 150; Hurst v. State, 45 S. W. Rep., 573; Williams v. State, 34 Texas Crim. Rep., 606, 31 S. W. Rep., 649; Fairy v. State, 50 Texas Crim. Rep., 396, 97 S. W. Rep., 700. In the Johnson case, supra, the Supreme Court said: "Swindling is the acquisition of any personal or movable property, money, or instrument of writing, conveying or securing a valuable right, by means of some false or deceitful pretense or device, or fraudulent misrepresentation with intent to appropriate the same to the use of the party so acquiring, or of destroying or impairing the rights of the party justly entitled to the same. We do not think that the false or fraudulent representations set forth in the indictment such as come within the meaning of the statute. They do not relate to existing facts or past events, and in this respect differ from the instances specified in the statute." It has always been held, as we understand, in this State, that false promises or false professions of intention, although they may have been acted upon, are insufficient to constitute swindling. In the case of Martin v. State, supra, the court said: "The representations here made, as it appears, were not to an existing fact, but related to a future event, and was in the nature of a representation or promise. In our opinion, before a defendant can be convicted of the offense of swindling there must be a distinct and certain representation of an existing fact, and the indictment must show such certain and distinct representation of the fact, either past or present." Applied to the case in hand, appellant was convicted by the only act or fact by which that conviction should have been predicated, the naked promise to do some act in the future, towit, to make a deed to forty-eight acres of land. In Allen v. State, supra, it was said: "Mere false promises or false professions of intention, although acted upon, are not sufficient to constitute swindling." In Hurst v. State, supra, the court said: "Allegations that the accused

had induced prosecutor to sign a note by falsely representing to him that a certain collecting agency would pay a certain per cent thereof, is something to be done in the future." See also Bishop Crim. Law, vol. 2, pp. 419-20. Mr. Bishop uses this language: "In the next place, a promise is not a pretense. And if a man says that he will do an act, which he does not mean to do—as that he will pay for goods, on delivery, his purpose being to defraud the seller of them—the case is not within the statute." Again, in section 420, the same author said: "And both in the nature of things, and in adjudication, the doctrine is that no representations of a future event, whether in the form of a promise or not, can be pretense, within the statute, for the pretense must relate either to the past or to the present." Authorities might be indefinitely enumerated, but these are sufficient.

There are several other questions of importance in the case, but under the view taken we do not purpose to discuss or decide them further than to say several of them are reversible in their nature, but under the allegations contained in the indictment the State has not alleged a case upon which a conviction can be predicated for swindling.

The judgment is reversed and the prosecution is ordered dismissed.

*Reversed and dismissed.*