### D. R. PICKENS v. THE STATE.

No. 3757. Decided November 3, 1915.

Rehearing denied December 1, 1915.

**1.—Swindling—Statement of Facts—County Court.**

Where the statement of facts was filed some fifty-eight days after the adjournment of the County Court, the same could not be considered on appeal.

**2.—Same—Information—Promise in Future.**

Where, upon trial of swindling, the defendant contended that the information was insufficient, because the alleged promise was to do something in the future, but the allegations therein showed that defendant's promise or guarantee to do something in the future was an incident of his false representations, etc., the information was sufficient. Following Boscow v. State, 33 Texas Crim. Rep., 390, and other cases.

Appeal from the County Court of Bexar. Tried below before the Hon. Nelson Lytle.

Appeal from a conviction of swindling; penalty, a fine of $25 and sixty days confinement in the county jail.

The opinion states the case.

*Noah Allen* and *B. L. Knight,* for appellant.—On question of insufficiency of information: Curtis v. State, 31 Texas Crim. Rep., 39; Mathena v. State, 15 Texas Crim. App., 473.

*C. C. McDonald,* Assistant Attorney General, for the State.—On question of sufficiency of the information: Arnold v. State 76 Texas Crim. Rep., 512.

PRENDERGAST, PRESIDING JUDGE.—Appellant was convicted of swindling and his punishment assessed at sixty days in jail and a fine of $25.

The statement of facts was filed some fifty-eight days after the term · of court at which he was tried had adjourned, hence the Assistant Attorney General's motion to strike it out, and not consider it, must be and is sustained.

Appellant contends the complaint and information are fatally de-

fective in that he claims they do not show he committed any offense, nor set out the facts claimed to constitute the false representations and pretenses made by him, nor allege any facts to have existed at the time he made false representations, etc., but promises to do something in future, nor the facts of his condition or position to secure the position of policeman for the prosecuting witness, McNulty.

These pleadings are in strict accordance with the statute and the approved forms therefor and are good and valid. In substance, they aver that he, devising and intending to secure the unlawful acquisition of $10, the personal property of Andrew McNulty, and appropriate it to his own use, did unlawfully and fraudulently acquire possession thereof from McNulty by means of false and deceitful pretenses, devices, and fraudulent representations, unlawfully, knowingly and fraudulently then made by him to McNulty in this: that he then and there did falsely pretend and fraudulently represent to McNulty that he was in position and was able to secure for McNulty a position on the police force of the City of San Antonio, and that if he would pay him $10, he, Pickens, would guarantee he would secure said position for him, and thereby induced said McNulty to part with his $10 and deliver title and possession thereof to him, Pickens, for the services which he, Pickens, falsely and fraudulently pretended he could render him; whereas, in truth and in fact Pickens was not in a position to secure said position for McNulty, nor in position to honestly and in good faith guarantee said position to McNulty, and said pretenses and representations so made, and devices so used, were false and fraudulent, and he, Pickens, then and there well knew that the said pretenses, devices and representations were false and fraudulent when made and used, etc.

Appellant's special contention is that his alleged false, etc., representations, etc., were to do something in future, and that that could not be the basis of swindling. In this case, however, his promise or guarantee to do something in future was an incident of his false representations, etc., that he was in a position and able to secure for McNulty a position on the police force.

An information, as near like this as one well could be, was sustained by this court in Boscow v. State, 33 Texas Crim. Rep., 390, and also in Brown v. State, 37 Texas Crim. Rep., 104, and is unquestionably good under the authorities. 2 Bishop New Crim. Law, sec. 424, and vol. 1, same works, secs. 337-338-339 and 774-775. We think it unnecessary to discuss the questions.

The judgment is affirmed.

*Affirmed.*

[Rehearing denied December 1, 1915.—Reporter.]