J. MITER, alias W. J. JONES v. THE STATE.

No. 9064. Delivered May 13, 1925.

Rehearing denied June 17, 1925.

1.—Swindling—Evidence—One Transaction—Establishes Felony.

Where the amount of money secured by appellant through false and fraudulent representations was $80.60 paid him by prosecuting witness the fact that $40.30 was paid ostensibly for an insurance policy for Mr. Witmer, and the same amount for a policy for Mrs. Witmer would not constitute the transaction two offenses, and the total amount secured being in excess of $50.00 the conviction of a felony is sustained.

**2.—Same—Bill of Exception—Incomplete—Not Considered.**

Where a bill of exceptions complains of the admission of testimony as to other transactions of soliciting applications for insurance for the Southland Life Insurance Company by the defendant, without setting out what other transactions were shown, such bill is incomplete, and cannot be considered. Bills of exceptions must be sufficiently full in themselves to enable the court to determine whether an error was committed in the ruling complained of in said bill. See Branch's Ann Tex. P. C. Sec. 213.

**3.—Same—Evidence—Issuance of Policy—Not a Ratification.**

The fact that the Southland Life Insurance Company issued policies of insurance to the victims of appellant's swindle, without cost to them, was in no way a ratification of his act.

ON REHEARING.

**4.—Same—Evidence—Of Fraudulent Representations—Sustains Verdict.**

This conviction was not predicated, upon false and fraudulent representations that appellant would deliver in the future certain insurance policies, but upon his representations that he was then the agent of the insurance company which induced prosecutor to pay him the money, and which was shown to be false. See Boscow v. State, 33 Tex. Crim. Rep. 390, in point.

Appeal from the District Court of Red River County. Tried below before the Hon. Ben. H. Denton, Judge.

Appeal from a conviction for swindling; penalty, five years in the penitentiary.

The opinion states the case.

*Travis T. Thompson*, for appellant.

*Tom Garrard*, State's Attorney, and *Grover C. Morris*, Assistant State's Attorney, for the State.

HAWKINS, JUDGE.—Conviction is for swindling in securing from H. H. Witmer, a check for $80.60 by false and fraudulent representations. Punishment is five years in the penitentiary.

In substance the evidence shows that defendant represented to H. H. Witmer that he (defendant) was the agent of the Southland Life Insurance Company of Dallas, Texas, and authorized by said company to solicit persons to purchase insurance policies therein and to take application therefor; that defendant had the right to take such applications for insurance from the said Witmer and his wife, and had the right to collect for, and in the name of said insurance company issue receipts for the first premium on such policies. Mrs Witmer was a school teacher. She was first approached by defendant, and by these same representations to her he secured an application for a policy of insurance for one thousand dollars. Mrs. Witmer paid him nothing but referred him to her husband. After these representations were made by defendant to the husband

he also made an application for a thousand dollar policy and executed to defendant his check for $80.60 which covered the initial premiums upon the proposed policies for both himself and his wife. The evidence is undisputed that defendant was not the agent of said insurance company, and had no authority to take applications for policies of insurance or to act in any capacity as a representative of the company. Defendant did not testify himself and offered no defensive evidence whatever.

Defendant takes the position that the indictment should have been quashed, and that the conviction for felony should not be permitted to stand, upon the alleged ground that there were two contracts or transactions; that the premium on the policies of insurance to be issued to Mrs. Witmer was for $40.40 and that to Mr. Witmer was for $40.20 and that neither being for as much as $50 a felony conviction should not result. There is no merit in such contention. So far as H. H. Witmer (the party who executed the check) was concerned there was only one transaction, because the amount of the check aggregated the premiums on the two policies would in no way control the grade of offense committed.

In bill of exception three defendant complains that the court permitted proof of "other transactions of the taking of applications for insurance in the Southland Life Insurance Company by the defendant." This bill is incomplete. It furnishes no basis for the court to determine the matter therein apparently complained of. The bill does not set out what other transactions were shown. The rule is well settled that to be available to defendant on appeal a bill complaining of the admission of evidence which was objected to must set out such admitted testimony. Branch's Ann. P. C. Sec. 210. This court will not ordinarily go to the statement of facts for the purpose of supplementing an otherwise defective bill unless referred to some particular part thereof by the trial judge (which was not done in this case); but the bills must be sufficiently full in themselves to enable the court to determine whether an error was committed in the ruling complained of in said bill. Branch's Ann. P. C. Sec. 213.

There is nothing in the contention that the conviction should not be permitted to stand because the insurance company issued to Mr. and Mrs. Witmer policies of insurance in the sum of one thousand dollars for each of them. These policies were not issued upon the applications taken by defendant but upon subsequent applications taken by the authorized agent of the company. The fact that the company charged no initial premium upon the policies so issued does not alter the case. The company as a business policy only was endeavoring to protect itself from possible harm by reason of the unauthorized activities of defendant. The issuance of policies to

protect his victims in no way mitigated or excused his offense, and was in no way a ratification of his acts.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—It is urged that Witmer expected to ultimately secure insurance policies as a result of the transaction with appellant, and the delivery of the policies being something which was bound to occur in the future, that the facts will not support a charge for swindling. If the false representations by appellant were in the nature of promises to be carried out in the future, his contention would be sound, as illustrated by Windham v. State, 71 Texas Crim. Rep. 384, 160 S. W. Rep. 72; Martin v. State, 36 Texas Crim. Rep. 125, 35 S. W. Rep. 976, and other cases to which we have been referred. In the present case the representations alleged and proven were that appellant represented that he was then the agent of the insurance company, authorized to take applications for insurance, and to collect and receipt for the initial payment, all of which was false. We think under a state of facts here shown to exist Boscow's case 33 Texas Crim. Rep. 390 is in point.

The motion for rehearing is overruled.

*Overruled.*