### MITNER v. STATE. (No. 9064.)

(Court of Criminal Appeals of Texas. May 13, 1925. Rehearing Denied June 17, 1925.)

1. **False pretenses** ⬅⟞20½—**That check for more than $50 represented amount to be paid for two different policies each under $50 did not make offense less than felony.**

Conviction of felony of swindling by securing check for more than $50 by fraudulent representations that accused was agent of an insurance company was not erroneous because check represented premiums on two policies

for two different persons; each premium being less than $50.

2. **Criminal law** ⬅⟞1120(4)—**Objection to testimony not considered, unless set out in bill of exceptions or referred to by trial judge.**

Objection to admitting testimony will not be considered, unless testimony is set out in bill of exceptions or particular part is referred to by the trial judge.

3. **False pretenses** ⬅⟞22—**In prosecution for swindling, fact that insurance policies representing amount recovered were later issued to defrauded party did not affect offense.**

Where defendant was prosecuted for swindling in securing check by fraudulent representations that he was agent of an insurance company, fact that insurance company, as a business policy to protect itself from possible harm, later issued, without charge for initial premium, policies in the amount defendant promised to issue did not mitigate or excuse defendant's offense, nor constitute ratification of his acts.

### On Motion for Rehearing.

4. **False pretenses** ⬅⟞7(5)—**In swindling prosecution, fact that defrauded party expected ultimately to receive policies representing amount recovered did not affect case.**

Where defendant was prosecuted for swindling in securing check by fraudulent representations that he was agent of an insurance company, contention that, because defrauded party expected to ultimately secure insurance policies, and that delivery of policies was something which necessarily must occur in the future, prosecution would not lie was of no avail, since facts showed that defendant represented he was then an agent of the insurance company.

Appeal from District Court, Red River County; Ben H. Denton, Judge.

J. Mitner, alias W. J. Jones, was convicted for swindling, and he appeals. Affirmed.

T. T. Thompson, of Clarksville, for appellant.

Tom Garrard, State's Atty., and Grover C. Morris, Asst. State's Atty., both of Austin, for the State.

HAWKINS, J. Conviction is for swindling in securing from H. H. Witmer a check for $80.60 by false and fraudulent representations. Punishment is five years in the penitentiary.

In substance, the evidence shows that defendant represented to H. H. Witmer that he (defendant) was the agent of the Southland Life Insurance Company of Dallas, Tex., and authorized by said company to solicit persons to purchase insurance policies therein and to take applications therefor; that defendant had the right to take such applications for insurance from the said Witmer and his wife, and had the right to collect for, and in the

name of said insurance company issue receipts for, the first premium on such policies. Mrs. Witmer was a school teacher. She was first approached by defendant, and by these same representations to her he secured an application for a policy of insurance for $1,000. Mrs. Witmer paid him nothing, but referred him to her husband. After these representations were made by defendant to the husband, he also made an application for a $1,000 policy, and executed to defendant his check for $80.60, which covered the initial premiums upon the proposed policies for both himself and his wife. The evidence is undisputed that defendant was not the agent of said insurance company, and had no authority to take applications for policies of insurance or to act in any capacity as a representative of the company. Defendant did not testify himself, and offered no defensive evidence whatever.

[1] Defendant takes the position that the indictment should have been quashed, and that the conviction for felony should not be permitted to stand, upon the alleged ground that there were two contracts or transactions; that the premium on the policies of insurance to be issued to Mrs. Witmer was for $40.40, and that to Mr. Witmer was for $40.20; and that, neither being for as much as $50, a felony conviction should not result. There is no merit in such contention. So far as H. H. Witmer (the party who executed the check) was concerned, there was only one transaction. Because the amount of the check aggregated the premiums on the two policies would in no way control the grade of offense committed.

[2] In bill of exception 3 defendant complains that the court permitted proof of "other transactions of the taking of applications for insurance in the Southland Life Insurance Company by the defendant." This bill is incomplete. It furnishes no basis for the court to determine the matter therein apparently complained of. The bill does not set out what other transactions were shown. The rule is well settled that to be available to defendant on appeal a bill complaining of the admission of evidence which was objected to must set out such admitted testimony. Branch's Ann. P. C. § 210. This court will not ordinarily go to the statement of facts for the purpose of supplementing an otherwise defective bill, unless referred to some particular part thereof by the trial judge (which was not done in this case), but the bills must be sufficiently full in themselves to enable the court to determine whether an error was committed in the ruling complained of in said bill. Branch's Ann. P. C. § 213.

[3] There is nothing in the contention that the conviction should not be permitted to stand, because the insurance company issued to Mr. and Mrs. Witmer policies of insurance in the sum of $1,000 for each of them.

These policies were not issued upon the applications taken by defendant, but upon subsequent applications taken by the authorized agent of the company. The fact that the company charged no initial premium upon the policies so issued does not alter the case. The company as a business policy only was endeavoring to protect itself from possible harm by reason of the unauthorized activities of defendant. The issuance of policies to protect his victims in no way mitigated or excused his offense, and was in no way a ratification of his acts.

Finding no error in the record, the judgment is affirmed.

### On Motion for Rehearing.

[4] It is urged that Witmer expected to ultimately secure insurance policies as a result of the transaction with appellant, and, the delivery of the policies being something which was bound to occur in the future, that the facts will not support a charge for swindling. If the false representations by appellant were in the nature of promises to be carried out in the future, his contention would be sound, as illustrated by Windham v. State, 71 Tex. Cr. R. 384, 160 S. W. 72; Martin v. State, 36 Tex. Cr. R. 125, 35 S. W. 976, and other cases to which we have been referred. In the present case the representations alleged and proven were that appellant represented that he was then the agent of the insurance company, authorized to take applications for insurance, and to collect and receipt for the initial payment, all of which was false. We think, under a state of facts here shown to exist, Boscow's Case, 33 Tex. Cr. R. 390, is in point.

The motion for rehearing is overruled.