H. B. Thompson v. The State.

No. 15262.   Delivered May 18, 1932.
Reported in 50 S. W. (2d) 304.

The opinion states the case.

*James E. Anderson,* of Amarillo, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, Presiding Judge.—The offense is swindling; penalty assessed at a fine of $100 and confinement in the county jail for a period of six months.

The following constitute substantially the averments in the indictment: H. B. Thompson, intending to unlawfully acquire feterita of the value of $20 and to appropriate it to his own use and to deprive Wiseman of the value thereof, obtained from Wiseman the property mentioned. The false pretense consists of the following:   Thompson had previously purchased from Wiseman certain feterita, promising to pay therefor the sum of $20, and had reported that he had sold the feterita but falsely and fraudulently stated that he could not at that time pay for it, for the reason that the person who had purchased the property was away from his office, and that the bookkeeper was without authority to write checks for same.   From the indictment the following is quoted:

"* * * and said H. B. Thompson made said false and fraudulent statement to said C. R. Wiseman, then and there intending by the same, to induce said C. R. Wiseman to sell and deliver to said H. B. Thompson, more of said feterita, and said C. R. Wiseman believed the same, and relied upon the same, and was induced to sell and deliver and did then and there sell and deliver to said H. B. Thompson, said five hundred bundles of feterita, whereas, in truth and in fact, said purchase of said feterita was gone from his office, but the bookkeeper for said purchaser was not then and there authorized by said H. B. Thompson to write and issue checks to said H. B. Thompson, for said feterita, and said bookkeeper did write checks to said H. B. Thompson for the same, and did deliver the same to said H. B. Thompson, and said statements and representations were absolutely false and untrue and said H. B. Thompson

then and there well knew the same to be untrue, and said H. B. Thompson then and there made said false and fraudulent statements and representations to said C. R. Wiseman, with the intent to injure and defraud, and said C. R. Wiseman then and there believed the same, and relied upon the same as being true, and was injured and defrauded thereby, against the peace and dignity of the State."

As understood, the averments in the indictment are to the effect that Thompson purchased from Wiseman $20 worth of feterita, agreeing to pay for it; * * * that on the date agreed upon Thompson appeared and advised Wiseman that the property had been sold but not paid for, when in fact, Thompson had received pay for it; that, upon the faith of the false statements, Wiseman sold other feterita to Thompson. There is an absence of a specific averment as to the terms of purchase in the second transaction. Whether it was for cash or credit is not averred, and whether there had been payment for it is not made clear.

As the averments are understood, they are not regarded as sufficient to charge the offense of swindling. The offense is denounced in title 17, chapter 16, P. C., 1925. See, also, Branch's Ann. Tex. P. C., p. 1427. The cases of Allen v. State, 16 Texas App., 150; Moore v. State, 20 Texas App., 233; Windham v. State, 71 Texas Crim. Rep., 384, 160 S. W., 72; Martin v. State, 36 Texas Crim. Rep., 125, 35 S. W., 976, are cited by the appellant, and, so far as controlling, are relevant.

For the reason that the elements of the offense, as required in the statute, are not embraced in the indictment, the judgment is reversed and the prosecution is ordered dismissed.

*Judgment reversed, and prosecution ordered dismsissed.*