BEN E. NEW v. THE STATE

No. 17558. Delivered May 8, 1935.
State's Rehearing Denied June 12, 1935.

The opinion states the case.

*Baskett & Parks,* of Dallas, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for swindling; punishment, ten years in the penitentiary.

In the case of New v. State (127 Texas Crim. Rep., 30), 74 S. W. (2d) 697, wherein this same appellant was before this court on appeal from a conviction for embezzlement, based on the exact facts and transaction made the basis of the instant charge and conviction now here appealed from,—we held the facts not to show embezzlement. In view of what might follow reversal in that case we said in

our opinion as follows: "In view of the fact that another indictment must be returned if appellant is to be tried again, we desire to say that the facts apparently bring the case within the purview of Art. 1413, P. C., relating to theft." The article referred to is our statutory enactment of the law defining theft by false pretext, and it is indeed to be regretted that in reindicting this appellant our suggestion was ignored.

As above stated, appellant was convicted of swindling. He got from Mr. Rasmussen,—for brevity referred to herein as R,—a transfer or assignment of a deposit of money in a bank upon his representations that he would obtain for R and forward to him in a few days, bonds of the United Post Office Corporation, as here testified said bonds were called by appellant, or bonds of the United Post Office as would appear from the written order prepared by appellant and signed by R,—the amount of said bonds being $4200.00, and which bonds R testified appellant told him were guaranteed by the government (though he did not say by what government).

Appellant visited R at least twice at his home, and on the second visit got from R the assignment of the deposit in said bank, on which occasion he gave R the original or a copy of a document addressed to Ben E. New & Company, Investment Securities, Dallas, Texas, which document contained the following:

"Gentlemen: $4200.00 United Post Office 5½ due 1935.

"I enclose deposit $4200.00 in full payment. Ship the securities to me at once.

"I enclose $——— to apply on account. x x x

"I understand that I am buying the above Securities as a speculation, on your guarantee that they are authentic and genuine issues.

"Ben E. New

"Special Representative

"(Signed)   Jes Rasmussen."

The assignment of R's deposit in said bank was of date April 26, 1933. After getting same appellant transferred it to another man for some other property, which he later converted into money. The Post Office bonds referred to were never sent to R. R testified on this trial that appellant insisted on his assignment of his deposit as when made,—because he wanted to use same at once in a deal out of which appellant expected to make considerable money. R testified as follows: "Yes, sir, I did expect, when I gave him this assignment, for him to have

the title to my deposit over there before my bonds came; yes, sir, he was going to get title to this deposit before the bonds came, because he said he didn't have the bonds with him; he would send them by express, but he needed that money that night to close that deal in Wichita Falls, and I suppose he got it."

In another place R testified as follows: "At the time I signed up this transfer I identified awhile ago I wasn't expecting anything; he got that $4200.00, and for that money he was going to send me them Postal bonds. No, he didn't tell me whether he had them or whether he had to go buy them."

On cross-examination R testified as to what he had sworn on a former trial, as follows: "Q. You said he (referring to Mr. New) was to buy some bonds? and I answered 'Yes, he was to buy me $4200.00 worth of bonds.'"

In Sec. 2627, Branch's Annotated P. C., it is said: "To constitute the offense of swindling, some false representation as to existing facts or past events must have been made. Mere false promises or false professions of intention, although acted upon, are not sufficient." Many cases are cited, among them, Williams v. State, 34 Texas Crim. Rep., 606; Martin v. State, 36 Texas Crim. Rep., 125. There are other and later cases holding the same.

As we regard this record, R parted with his assignment of his deposit in the bank upon appellant's representations that he as agent, or partner in Ben E. New & Company would at once procure for and forward to R Post Office Corporation bonds in amount and value of $4200.00, which promise and agreement appellant did not keep, and the State would probably be justified in concluding that he had no intention of keeping at the time he made such representations and got R's assignment.

We deem it not inappropriate in this connection to call attention to several cases on facts somewhat akin to the one on trial, in which this court has held the offense to be theft by false pretext and not swindling. See De Blanc v. State, 37 S. W. (2d) 1024; Contreras v. State, 39 S. W. (2d) 62; White v. State, 58 S. W. (2d) 530; Sherman v. State, 62 S. W. (2d) 146; Hoovel v. State, 69 S. W. (2d) 104; Haley v. State, 75 S. W. (2d) 274. In these cases we discussed the somewhat disturbing question as to whether in all cases where it appears that the intent of the owner of the property was to part with the title as well as the possession same should be held to be swindling,—and our conclusion was that this was not to be taken as the test, and we upheld convictions for theft by false pretext when the plain

intent of the owner was to part with his title as well as possession. We think these cases have application here.

In the light of R's testimony it seems beyond dispute that all he got from appellant in exchange for his assignment of his deposit was the promise of appellant to send him the bonds referred to. False promises by which one is induced to part with his property will support a conviction for theft by false pretext, but seemingly not for swindling. Gibson v. State, 85 Texas Crim. Rep., 463. In Rundell v. State, 90 Texas Crim. Rep., 413, we approved the holding in the Gibson case, supra, and said: "It will be observed by examining Art. 1332, P. C. (now Art. 1413, P. C.) referred to that it pointedly states that, if possession of the property be obtained by any false pretext, or be obtained with an intent in the mind of the taker at the time to deprive the owner of the value thereof, and to appropriate it to the benefit of the taker, the offense is complete."

We also call attention to the rule laid down in Art. 1549, P. C., cited in Haley v. State, supra, in effect that in case property of another be gotten in such manner as to come within the meaning of theft, or some other offense,—the rules prescribed for swindling in Chap. 16, Title 17, P. C., shall not be understood to take any such case out of the operation of the law defining such other offense. We think application should be given this rule in determining the propriety of a prosecution of this appellant on these facts for the offense of theft by false pretext.

Giving application to the things above said, we are reluctantly compelled to direct a reversal of this case, and it is so ordered.

*Reversed.*

MORROW, P. J., absent.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—The State has filed a motion for rehearing insisting that because among other things the indictment averred false representations as to some existing facts, viz:—that the bonds in question were guaranteed by the Government of the United States of America, and that they were worth one hundred cents on the dollar, we were in error in our opinion of reversal. The State relies upon Boscow v. State, 26 S. W., 625, and Pickens v. State, 180 S. W., 234. We were not unmindful of the holdings in the cases named, nor of expressions in other cases which make it difficult for prosecuting

officers and trial courts to know what is the proper course to pursue under a given state of facts. Whether successful or not, we have made an earnest effort in the cases cited in our original opinion to clear away some of the doubt occasioned by the state of our decisions on the point under consideration. If the result of our effort has been to add further confusion it is much to be regretted. What was said in the opinion on the former appeal was intended to prevent confusion in the present case. We apprehend that the moving cause which prompted Rasmussen to execute the assignment to appellant was the representation that certain bonds would be secured by appellant for Rasmussen in exchange for the $4200 which the latter surrendered by executing the assignment. The representation as to the worth of the bonds as an abstract proposition, or as a matter of general information would have been of minor interest to Rasmussen unless he expected some benefit therefrom which he could only obtain by securing the bonds.

The State's motion for rehearing is overruled.

*Overruled.*