MAURICE "SKEET" BOND V. THE STATE.

No. 20834. Delivered February 14, 1940.

The opinion states the case.

*John D. Logan,* of San Angelo, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is fraudulently obtaining board and lodging, and the punishment assessed is a fine of $1.

The prosecution in this case was sought to be brought under Article 1551 P. C. The offense attempted to be denounced in said article is a species of swindling. Therefore the rules with

reference to the proof of a swindle should be applied in the instant case.

We note from the testimony of Mrs. Garrett that appellant came to her boarding and rooming house on the 10th day of June, 1939, and applied for board and room. He told her at the time that he had no money, but had a job with a construction company that was constructing a bridge over the North Concho River, and he would pay her on each Saturday when he received his check. When he failed to pay on the first Saturday, she asked him about it on the following Thursday and he paid her for one week. He never paid his board and room bill on Saturday as he had agreed to do, but would tell her he would pay her just as soon as he got his check. During his stay at her boarding house, he paid for one week and paid part of a third week, but did not pay on Saturday as he had agreed to do. While he was boarding at her house, he got his arm hurt and was unable to work for one week. When she asked him to pay his board and room bill for that week, he told her he was not able to work, but he would receive one-half pay from the insurance company for such time as he lost by reason of his injury and would pay her out of that. He finally left the boarding house after about a month and never finished paying her in full. He owed her at the time he left about $11.20. She also testified that she believed all of the statements appellant made to her relative to his paying the board bill and relied thereon in extending him credit, and gave him his board and room. This is all the testimony introduced by the State upon the trial of the case.

Analyzing the testimony for the purpose of determining whether it would sustain a conviction for swindling, we make the following observations. At the time appellant applied for board and room, he advised Mrs. Garrett he had no money and that he would pay her at the end of each week out of his weekly salary as an employee in constructing the bridge. His statement that he had a job, but no money was therefore true, and she extended him credit upon his promise to pay her as he received his salary at the end of each week. Even if it should be conceded that the statements and representations so made by the defendant in obtaining room and board were false, they are not sufficient upon which to base a conviction under Art. 1551 P. C. Since generally the rules applicable to swindling would be applicable to the instant case, resort must be had to the well-established rule that the false representations or pretenses must relate to an existing or past fact. As stated in Texas Juris., Vol. 39, p. 1057: "The false pretense or repre-

sentations must relate to an existing fact or past event; mere false promises or professions as to future happenings or events are insufficient."

In Branch's Ann. P. C., Sec. 2627, it is said: "To constitute the offense of swindling some false representation as to existing facts or past events must have been made. Mere false promises or false professions of intention, although acted upon, are not sufficient."

Applying this rule to the facts in the instant case, it is obvious that any false statements and representations made by the defendant in order to obtain board and lodging related to future happenings or events and not to an existing fact or a past event. Consequently, any statements, however false, made by the appellant to Mrs. Garrett, after he had become indebted to her for board and room were not sufficient upon which to base a conviction under this statute. See Garrett v. State, 68 S. W. (2d) 507; Windham v. State, 160 S. W. 72.

In our opinion the evidence as disclosed by the record, is insufficient to support the conviction. The judgment of the trial court is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.