## W. E. Slack and Dud Wade v. The State.

### No. 12084.   Delivered January 23, 1929.

The opinion states the case.

*S. B. Ehrenworth* and *Heidingsfelder, Kahn & Branch* of Houston, for appellants.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, Judge.—The offense is theft, a felony; the punishment confinement in the penitentiary for two years.

The sufficiency of the evidence is challenged.   The court submitted a charge covering theft by false pretext.

The injured party had bought some lumber from employees of a lumber company.   Appellant Slack, an officer, discovered that said employees had stolen the lumber from their employer.   The matter being called to the attention of Maggie Gardner, she paid the lumber company $591.00 for the lumber.   No prosecution was instituted against the thieves.   After she had settled with the lumber company, the injured party executed a check in favor of appellant Slack in the sum of $500.00, which she sent to appellant Wade, who delivered the check to Slack.   Slack sent the check back to her by Wade. She then executed a second check, payable to cash, and, sent it by Wade to appellant Slack.   Slack had the check cashed, and, according to his testimony, divided the amount with some brother officers. After having discovered that the lumber had been stolen, Slack called

at the injured party's home during her absence and left his card. The injured party testified that she became frightened and talked to Blanche Jackson, a friend, about the matter of having been found in possession of the stolen lumber; that Blanche Jackson told her that she thought she knew a party who could help her out; that later she went to Blanche Jackson's home where she saw appellant Wade; that Wade told her that he might be able to help her; that she also talked to appellant Slack; that Slack had told her that he was going to send the employees of the lumber company to the penitentiary; that, out of the presence and hearing of appellants, a suggestion was made to her by her friend Blanche Jackson which caused her to send the check in question to Slack; that Slack had theretofore told her that she owed him nothing, and that neither Slack nor Wade had threatened to prosecute her, but that she was in fear of prosecution and acted upon the suggestion of her friend in sending the $500.00 to Slack; that said sum of money was involuntarily paid to Slack. Blanche Jackson was not used as a witness.

We find no testimony in the record to warrant the conclusion that the appellants made any demand upon the injured party for money. There was no proof that they had threatened to prosecute her. The testimony of Maggie Gardner to the effect that Blanche Jackson had made a suggestion to her that she pay Slack the $500.00, was inadmissible, as there was no proof that either of the appellants had authorized the suggestion. Such testimony is of little probative force. We think that the evidence shows conclusively that Maggie Gardner voluntarily parted with the title as well as the possession of the check in question. She intended for Slack to keep the proceeds of the check. In Segal v. State, 265 S. W. 911, this court said:

"The proposition that the acquisition upon a fraudulent pretext by the receiver or upon his fraudulent intent will not support a conviction for theft if it appears that the owner intended to part with both possession and title is declared by the courts and text-writers."

See also Price v. State, 91 S. W. 571.

Giving effect here to the rule announced by the decisions of this court, it becomes out duty to order a reversal.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.