E. J. ELBURY v. THE STATE.

No. 12950.   Delivered January 22, 1930.
Rehearing granted March 5, 1930.
Reported in 25 S. W. (2d) 846.

The opinion states the case.

*J. A. Collier* and *Bailey P. Loftin,* both of Houston, for appellant.

*O'Brien Stevens,* Crim. Dist. Atty., of Houston, and *A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is theft, a misdemeanor; the punishment a fine of two hundred dollars and confinement in jail for three days.

No bills of exception are brought forward. In overruling appellant's motion for a new trial, the court failed to grant an extension of time for filing the statement of facts. This being a misdemeanor, appellant was required to file the statement of facts and bills of exception within thirty days after the adjournment of court, unless before the expiration of that time the court, for good cause shown, extended the time within which the statement of facts and bills of exception might be filed. Art. 760, subdivision 5, C. C. P.; Stewart v. State, 2 S. W. (2d) 440. There appears in the transcript an order attempting to grant appellant thirty days additional time in which to file his bills of exception and statement of facts. This order is not dated and it is not shown that it was entered within the time allowed by law for filing the bills of exception and statement of facts. The thirty days allowed by statute expired on April 29, 1929. The statement of facts was filed on May 24, 1929. To be effective, the order extending the time should have been made before the expiration of April 29th. Stewart v. State, supra. The state's motion to strike the statement of facts from the record must be sustained.

Appellant fails to point out any fundamental error and no ruling of the trial court has been presented for review.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON APPELLANT'S MOTION FOR REHEARING.

CHRISTIAN, JUDGE.—It is now made to appear that the statement of facts was filed in time.

Appellant challenges the sufficiency of the evidence. The charge was the taking of a check in the sum of thirty dollars from the possession of Roy Paul, and the state relied upon the character of theft defined in Art. 1413 of the Penal Code, wherein it is provided that if the taking, though originally lawful, be obtained by any false pretext, or with any intent to deprive the owner of the value thereof and to appropriate the property to the use and benefit of the taker, and it is so appropriated, the offense of theft is complete.

Appellant had been employed to solicit advertisements for the "Sixth Annual Year-Book of the Bayou City Lodge, No. 145, B. of R. T." It had been his duty to call upon the business men of Hous-

ton for the purpose of inducing them to advertise in said book. His connection with the "year-book" had terminated during the year 1928. Appellant had published the "Big Four Railroad Record," and continued his publication of this book after his contract with the lodge expired. Appellant's book also carried advertisements secured from business men of Houston. Roy Paul, the injured party, had advertised in the Fifth Annual Year-Book of the Bayou City Lodge in 1928, appellant having solicited and obtained his advertisement. According to Paul's testimony, appellant returned to his place of business in January, 1929 and asked him to place his advertisement in the new book for the year 1929. He said that appellant had a book with his ad in it; that he showed it to him, and told him the same ad would appear in the new year-book. Paul told appellant he could have his advertisement, and gave him a check in the sum of thirty dollars. Appellant gave Paul a receipt showing that he had paid him (appellant) thirty dollars for an advertisement in the "Big Four Railroad Record," appellant's own publication. Paul stated that he did not intend to give appellant thirty dollars and did not intend to part with the title to the money except for an advertisement in the "Sixth Annual Year-Book of Bayou City Lodge No. 145, B. of R. T." Appellant testified that he showed the injured party a copy of his "Big Four Railroad Record," and asked him to buy advertising space in it. He further testified that he did not represent to Paul that he was soliciting ads for the lodge publication. He said that five thousand copies of his "Big Four Railroad Record" were then being prepared by the printer in Houston and that Paul's advertisement would appear. It seems to have been undisputed that appellant had been publishing his book for two or three years.

We think it is clear from the testimony that Paul intended to deliver both the title and possession of the check for thirty dollars to appellant. Paul never expected to get his money back, but, according to his own testimony, was purposing to exchange it for an advertisement in the lodge book. It was appellant's understanding, according to appellant's testimony, that Paul was giving him the money for an advertisement in appellant's own publication. The facts might constitute the offense of swindling, but they negative, in our opinion, the offense of theft by false pretext. We quote from Gibson v. State, 85 Tex. Cr. R. 464, 214 S. W. 342 as follows:

"The distinction between the offense of swindling and theft by false pretext, as deduced from the opinions of this court, seems to depend upon whether the injured party was induced to part or intended to part with both title and possession of his property, in which event the case is swindling; or whether he intended to part only with possession, in which event it will be theft by false pretext."

See also Legler v. State, 262 S. W. 478.

Appellant's motion for rehearing is granted, the judgment of affirmance is set aside, the judgment of the trial court is reversed and the cause remanded.

*Granted, and case reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.