J. E. Contreras v. The State.

No. 14127.   Delivered May 27, 1931.

The opinion states the case.

*Van Haile McFarland,* of Eagle Pass, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, Judge.—Conviction is for theft, punishment being two years in the penitentiary.

The indictment contained three counts, the first charging by the usual averments the theft by appellant of $66 from Augustin Leal. This count only was submitted.

The facts upon which the conviction rests may be briefly stated as follows: T. T. Taylor had the general agency of the National Standard Life Insurance Company and of the Kansas City Life Insurance Company with headquarters in San Antonio. Appellant was a sub-agent of Taylor's. During the year 1929 appellant wrote seven life insurance policies in the two companies named in favor of Augustin Leal and three of his brothers. In negotiating with appellant for these policies Augustin Leal acted with his brother, Earnesto, and his mother in securing the seven policies mentioned. About March 1, 1930, Augustin Leal desired to purchase a new truck and appellant represented to him that by making advance premium payments he could borrow enough money on the insurance policies to purchase the truck. On said last named date Leal paid appellant $66 as part of a five-year advance premium payment. Appellant did not have authority to collect advance premium payments and never at

any time turned over to Mr. Taylor or to the insurance companies this $66 or any part of the $1,000 which he collected altogether from Augustin Leal.

The contention is that the undisputed evidence showed that Augustin Leal intended to part and did part with both the title and possession of the $66 in question, never expecting the return of any part of it, and that appellant therefore could not be guilty of theft as charged in the indictment. Based upon this contention, he requested the court to charge the jury that if Leal intended to part with the title and ownership of the $66 they would find the defendant not guilty of theft as charged in the indictment. The court declined to give this charge, but instructed the jury to convict appellant if he obtained from Augustin Leal the $66 in money by means of false pretext and with intent to deprive Leal of the value thereof and with intent to appropriate it to the use and benefit of appellant without the consent of Leal. Appellant predicated alleged error in the refusal of his special instruction upon expressions found in many cases which he cites to the effect that if the owner of the property parted or intended to part with the title as well as the possession the offense would be swindling and not theft. Recently we had occasion to review this question in DeBlanc v. State, 118 Texas Crim. Rep., 628, 37 S. W. (2d) 1024. It was there recognized that the distinction between swindling and theft mentioned above was generally accepted as correct, but that the intent of the owner in parting with his property was not the sole distinction. Where it is a question of whether the offense is swindling or theft by conversion the distinction mentioned unquestionably is controlling. See Anderson v. State, 77 Texas Crim. Rep., 31, 177 S. W., 85; Rundell v. State, 90 Texas Crim. Rep., 410, and other cases cited in De Blanc's case, supra. It is plain from the facts of the present case that from the representations made by appellant to Leal he understood that appellant would transmit the money collected to his state agent in San Antonio and that the policies would be credited with the advance premium payments, thereby rendering them available as collateral for a loan. The representations made by appellant were evidently intended to and did leave the impression upon Leal that appellant was authorized to deal with the policies in this manner. The representations having reference to future happenings would not support a prosecution for swindling. Martin v. State, 36 Texas Crim. Rep., 125, 35 S. W., 976, and other cases collated under section 2627, Branch's Ann. Tex. P. C., and in note 3, under article 1545, Vernon's Ann. C. C. P. of Texas, vol. 3. The jury was fully warranted in also finding that at the very time appellant made the false representations he entertained the fraudulent purpose of converting the money which he hoped to obtain from Leal, that he did convert it, and that he obtained possession of it by a fraud practiced on

Leal, but for which Leal would never have surrendered the money to appellant. We take this quotation from Anderson v. State, supra:

"But this case aptly illustrates a case where but for the fraudulent representation the title to the hogs would have passed, yet the appellant would not be guilty of swindling, because the fraudulent representation relied on was as to something thereafter to occur. And also aptly illustrates a case where a person obtains possession of property by fraudulent pretext, and under circumstances where the title would pass but for the fraud practiced, and is, in our opinion, the very character of case which article 1332 was intended to reach and punish."

Article 1332 referred to in the quotation is now article 1413, P. C. (1925). Upon the facts the present case and the one from which the quotation is taken are similar. It is a question here whether the title to the money passed by reason of the fraud practiced upon Leal.

Because the question was considered at length in the recent opinion in De Blanc's case (supra) we pretermit a further discussion of it here. It follows from what has been said that under the facts of the present case we think the refusal of the special charge not erroneous.

The judgment is affirmed.

*Affirmed.*