## M. C. HALEY v. THE STATE.

No. 16834.   Delivered June 20, 1934.
Rehearing Denied October 24, 1934.
Reported in 75 S. W. (2d) 272.

The opinion states the case.

*Herman G. Nami* and *Frank Vaughan,* both of San Antonio, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for theft; punishment, two years in the penitentiary.

There were but two witnesses in the case, both testifying for the State. Mrs. Doak, a widow, seventy-two years of age, had been swindled out of $3,800.00. Appellant went to see her and represented to her that he worked with the chief of police and some secret service men, and that if she would give him $200.00 to be split by him three ways with the parties he worked with, she would get her money back out of which she had been swindled. She gave him her check for $200.00, which he collected and appropriated. The charge here was theft of the check. Mr. Kilday, Chief of Police, of San Antonio, testified that appellant and he had no sort of connection, and had never worked together, and, in substance, that appellant's representations to Mrs. Doak were false about his work with the chief to recover Mrs. Doak's money. After the prosecution in this case was begun appellant's wife returned to Mrs. Doak the money gotten by him from her on this check and another similar check.

We do not think appellant's attack upon the indictment,—based on its failure to use the word "personal" in describing the kind of property alleged to have been stolen,—is sound. The check alleged to have been stolen was accurately described in the indictment, which further alleged that same was the "corporeal property" of Mrs. Doak. We do not see any material error in the omission of the word "personal." That the check, by the very terms of the allegation and its description, was personal property would be without dispute. The word "corporeal" means nothing more here than that the property taken shall be tangible and have form and substance. We said in Worsham v. State, 56 Texas Crim. Rep., 253, that a check is personal property. Neither was there error in the court's action in referring to the check, in his charge, as corporeal personal property.

A number of bills of exception complain of various parts of the argument made by the State's attorney in closing the case. All said bills are qualified by the trial judge with the statement that no objections were made or exceptions taken to the argument at the time same was made. It seems that appellant had a stenographer take down the entire argument of the State's attorney, and after same was finished apparently at his leisure appellant's attorney prepared bills of exception complaining of such parts of said argument as he thought objectionable. Such bills bring before us nothing which we can review. Nelson v. State, 99 Texas Crim. Rep., 564; Newman v. State, 99 Texas Crim. Rep., 323; Russell v. State, 96 Texas

Crim. Rep., 105; Edwards v. State, 91 Texas Crim. Rep., 196; Alsup v. State, 85 Texas Crim. Rep., 36; Gamble v. State, 66 Texas Crim. Rep., 297.

Appellant insists in his brief and oral argument in this court that the facts show him guilty of swindling, if of anything. The legal questions involved and expressions of this court's views as to the overlapping or similarity between the offenses of theft and swindling have been so often discussed that we content ourselves with citing authorities and stating that we think the facts in this case support the theory of theft by false pretext. See Sherman v. State, 62 S. W. (2d) 146; Contreras v. State, 39 S. W. (2d) 62; De Blanc v. State, 37 S. W. (2d) 1024; Rundell v. State, 90 Texas Crim. Rep., 410; Anderson v. State, 77 Texas Crim. Rep., 31.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—Appellant obtained $200.00 from Mrs. Doak upon the false representation to the effect that he had associations with the police which would enable him to recover her lost money.

Appellant insists that the conviction must be reversed for the reason that the facts show a case of swindling and not a case of theft. He supports his contention with the citation of several decisions of this court, notably, Arnold v. State, 176 S. W., 159; Segal v. State, 265 S. W., 911; Slack v. State, 13 S. W. (2d) 113; Elbury v. State, 25 S. W. (2d) 846; Pittman v. State, 27 S. W. (2d) 240. The Arnold case, supra, and perhaps others drew a distinction between the offense of theft by false pretext and swindling which apparently overlooked the law embraced in article 1549, P. C., 1925, which reads as follows: "Where property, money, or other articles of value enumerated in the definition of swindling, are obtained in such manner as to come within the meaning of theft or some other offense the rules herein prescribed with regard to swindling shall not be understood to take any such case out of the operation of the law which defines any such other offense."

In the case of Witherspoon v. State, 37 S. W., 433, it is held, if the fraud charged constitutes another offense defendant should be prosecuted for it and not for swindling.

A like ruling was made in Cline v. State, 43 Tex., 494; Bink

v. State, 50 Texas Crim. Rep., 445, 98 S. W., 863; Hirshfield v. State, 11 Texas App., 207; also in DeBlanc v. State, 118 Tex. Crim. Rep., 628, and cases therein collated.

In the present instance the judgment of conviction implies that the check was obtained by false pretext, from which it follows that the prosecution was properly founded upon article 1549, supra, and not upon the statute defining and denouncing swindling, namely, article 1545, P. C., 1925.

Appellant contends that there was a failure to prove his appropriation of the $200.00 which he had obtained through the representation mentioned above. The alleged injured party, Mrs. Doak, testified that upon the representations made by the appellant she delivered to him a check for $200.00. She stated that the check was paid and charged to her account by the bank and bore the indorsement of M. C. Haley. The check was paid, as shown by indorsements, on September 24, 1932. She testified that she also delivered another check for $200.00 to be used as expense money. It was shown that she received at the hands of Mrs. Haley (wife of the appellant), the full amount of $400.00 which included the amount obtained by appellant under the false pretext and the expense money which was also advanced. The witness was unable to state from what source the money returned to her came further than to say that a check for that amount was handed to her by Mrs. Haley. It appears from the record that the money delivered to Mrs. Doak was paid to her on December 19, 1933, which was after the prosecution had been instituted. The fact that appellant had been instrumental in returning to Mrs. Doak an amount of money equivalent to that which he received from her was in evidence before the jury but is not a matter upon which this court would be required or authorized to annul the prosecution against the appellant or to reverse the case. At most, it was an effort after the offense had been committed to render the prosecution ineffectual. After indictment and pending prosecution, it is not within the power of the parties to the transaction to abate the prosecution. Such power is vested by law in the district attorney and the judge presiding in court. See article 577, C. C. P.; also Fleming v. State, 28 Texas App., 234, 12 S. W., 605; State v. Anderson, 26 S. W. (2d) 174, 119 Tex., 110.

The motion for rehearing is overruled.

*Overruled.*