## W. N. BALDWIN V. THE STATE.

No. 18840. Delivered March 24, 1937.
Rehearing Denied May 12, 1937.

The opinion states the case.

*Ghent Sanderford,* of Austin, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Appellant was convicted of the offense of theft of property over the value of fifty dollars, and his punishment was assessed at confinement in the state penitentiary for a term of five years.

Appellant's main contention is that the testimony in this case is insufficient to sustain his conviction for the offense of theft; that if he is guilty of any offense, it is swindling and not theft by false pretext. In order that this opinion may more clearly reflect the reasons for our conclusions hereinafter announced, we deem it proper to set forth the salient facts proven upon the trial. Mrs. Etta Terrell testified that on or about the 11th day of December, 1929, appellant and W. A. McWhorter came to her home and told her that they were drilling an oil well on the Lucas Ranch in Goliad County; that they had the well ready to bring in, but before doing so that they desired to purchase the surrounding land; that they had $30,000.00 but needed $20,000.00 more and wanted her to furnish the needed sum of money; that in consideration therefor they would give her part of their interest; that by reason of said statements and representations they obtained from her ten promissory notes each in the sum of $2,000.00 due and payable six months after date. She further testified: "They stated to me that they were going to buy land with the money they got from these notes and then bring in that oil well and make us all rich. They lead me to believe that my money was to be invested in that oil field. That was what they were going to do with the money, they said. I gave them those notes believing those representations." Appellant and McWhorter were not drilling an oil well on the Lucas Ranch at the time and

they did not buy any land, leases, or mineral rights in and to any land in Goliad County, but immediately went to San Antonio and traded two of said notes to the Goad Motor Company for a Cadillac automobile. They sold two of the notes soon after the 11th day of December to W. K. Breeden for the sum of $1,200.00. The rest of the notes were sold to the City Central Bank of San Antonio, Texas.

Appellant testified in his own behalf denying that he had obtained said notes by false pretenses, but stated that he borrowed the money from her and as security therefor left with her some German bonds purported to be worth a million marks. Appellant takes the position that even if the State's testimony is accepted as true, it does not bring this case within the terms of theft by false pretext, because Mrs. Terrell parted with the title and possession of the notes at the time that she delivered them to appellant and therefore the offense, if any, is swindling and not theft; and cites us to the case of Bink v. State, 98 S. W., 249, where the distinguishing elements between swindling and theft are stated as follows:

"The true distinction between theft and swindling, where the property is acquired by means of false pretenses, is this: If the owner was induced to part with his property finally by means of the false pretenses, the offense is swindling. But where the possession delivered by the owner was obtained in a manner not sufficient to pass title to the property, the owner only intending to part with the possession and custody and not the title to his property, and the party so acquired possession then and there entertaining the fraudulent intent to appropriate and did appropriate it, the offense is theft."

This is but a general statement of the rule to which appellant seems to cling tenaciously notwithstanding the rule announced by this court in the cases of Contreras v. State, 39 S. W. (2d) 62, and De Blanc v. State, 37 S. W. (2d) 1024, that the intent of the owner in parting with the title is not the sole distinction between swindling and theft by false pretext, but that the false pretext which results in the delivering of the property may embrace not only the false representations of a past event but also a condition subsequent. In the instant case they obtained the notes by representing to Mrs. Terrell that they were drilling an oil well on the Lucas Ranch which they were ready to bring in, but before doing so desired to purchase the surrounding and adjoining land; that they did not have sufficient funds to accomplish this and requested her to furnish

the sum of $20,000.00 for that purpose in consideration of which she was to have an interest therein. The notes which she delivered to the appellant and his companion were delivered to them for the purpose of purchasing land, leases, or mineral rights in and about the said oil well. The record shows that she made and delivered the notes to appellant for a specific purpose, to-wit: to buy land and mineral rights which they promised to do, but did not do. The representations thus made have reference to future performance on the part of the appellant and his companion and would not support a prosecution for swindling. See Martin v. State, 36 Texas Crim. Rep., 125, 35 S. W., 976, and Branch's Ann. P. C., Section 2627. In this connection we may also advert to art. 1549, P. C., which reads as follows:

"Where property, money or other articles of value enumerated in the definition of swindling, are obtained in such manner as to come within the meaning of theft or some other offense the rules herein prescribed with regard to swindling shall not be understood to take any such case out of the operation of the law which defines any such other offense."

In the cases of Anderson v. State, 177 S. W., 85, and De Blanc v. State, 118 Texas Crim. Rep., 628, this court held that where the facts are such as would warrant a prosecution upon either swindling or theft, the indictment should be for theft. It occurs to us that the jury was also warranted in finding that at the very time appellant and McWhorter made the false representations they entertained the fraudulent intent to convert the money which they hoped to obtain by a sale of the notes delivered to them by Mrs. Terrell. Appellant obtained possession of the notes by a false pretext, but for which she would never have made or surrendered the same to him. We think the facts in this case are somewhat similar to the facts in the case of Sherman v. State, 62 S. W. (2d) 146, which this court held to be sufficient to sustain the conviction for theft.

Appellant for the first time on appeal in this court complains because the trial court failed and refused to appoint a lawyer for him before his trial began, who could advise him with reference to the law of suspended sentence and present such plea to the court and jury. He undertakes to present this question to this court by ex parte affidavit. The record discloses that he filed a plea for suspension of sentence in case of his conviction and the court in his charge instructed the jury on the law with reference thereto. No showing is made either by bill of exception or by motion for new trial that the

trial court failed or refused to appoint a lawyer for appellant. Hence the matter as it is sought to be presented here is dehors the record and cannot be considered by us.

Believing the testimony is sufficient to support the findings of the jury, the judgment of the trial court is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—In his motion for rehearing the appellant re-asserts the contention that the offense which he committed was swindling and not theft. The evidence and the remarks embraced in the original opinion are regarded as properly supporting the conclusion reached with reference to the disposition of the appeal.

The motion for rehearing is overruled.

*Overruled.*