## MADAME LOVINE V. THE STATE.

No. 19951.   Delivered November 30, 1938.

Rehearing Denied January 11, 1939.

The opinion states the case.

*David E. O'Fiel, D. F. Sanders,* and *W. R. Blain,* all of Beaumont, and *J. S. Bailey, Jr.,* of Houston, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The offense is theft of money over $50.00; the punishment assessed is confinement in the state penitentiary for a term of two years.

The States's testimony, briefly stated, shows that appellant came to Beaumont and opened an office in the Hotel Beaumont. She advertised that she was a trained palmist or teacher of Yogi and claimed to possess the power and ability to forecast and foretell the future. The prosecuting witness, John Stine, who owned and operated a dairy and who was also engaged in growing and farming rice, went to see her to ascertain what the market price of rice would be at or about harvest time, as he was then contemplating growing some rice if the market price would be such as to justify him in engaging in the enterprise.

During the interview, she advised him that he had an interest in some land near Austin in Travis County upon which a treasure was buried. She told him that if he would give her a certain sum of money, she would make a map of the premises and go with him to locate the hidden treasure, and would return his money if she failed to locate it. Upon the strength of this assertion and the assurance that she would return his money in case she failed to locate it, he gave her approximately $1,100. She neither located the treasure nor returned his money but departed from the State. Appellant did not testify or offer any affirmative defense.

At the conclusion of the introduction of testimony, appellant requested the court to instruct the jury to return a verdict of not guilty which he declined to do. It is our opinion that no error was committed in this respect. Appellant, by a fantastic scheme and false pretext, obtained from Stine, quite a sum of money which she appropriated to her own use and benefit. That she, by the means employed, intended at the time to deprive him of the money is abundantly shown by her acts and conduct before and subsequent to receiving the money. Her first object seems to have been to impress upon the person whom she intended to victimize, her ability to do what she claimed to be able to do and assure him in case of her failure to accomplish it, the prompt return of his money. Having achieved this, her greatest obstacle to obtaining the easy money was overcome. The scheme to which she resorted was a fake, pure and simple. It was as alluring and deceiving as the fable of the spider and the fly.

Any contention by appellant that the crime committed was swindling instead of theft by false pretext is against the uniform holdings of this court. In Ruling Case Law, Vol. 17, p. 13, many precedents are cited for the following proposition, among them many Texas cases: "If a person with a preconceived design to appropriate property to his own use, obtains possession of it by means of fraud or trickery, the taking under such circumstances amounts to larceny, because in such cases the fraud vitiates the transaction, and the owner is still deemed to retain a constructive possession of the property, and the conversion of it is a sufficient trespass, or, as is sometimes said, the fraud or trick practiced on the owner is equivalent to a trespass."

In the instant case the appellant acquired possession of the money by a false pretense with the fraudulent intent at the time to appropriate it to her own use and deprive the owner of its value. This is amply supported by the evidence and the finding of the jury, who were fully warranted in finding that the owner did not intend to vest the title to the money in her at the time and under the circumstances. See Haley v. State, 75 S. W. (2d), 272; Sherman v. State, 62 S. W. (2d), 148; De Blanc v. State, 118 Tex. Crim. Rep., 628 and authorities cited. It will also be noted from these authorities that this court has long since laid down the rule that where the facts are such as would warrant a prosecution for either swindling or theft, the indictment should be for theft. In the case of Haley v. State, supra, the facts, in legal effect, were similar to those in the instant case.

A number of objections to the court's charge were made by appellant because the court withdrew from the consideration of the jury certain sums of money paid to her by Stine at various times other than the occasion charged in the indict-ment. The court's theory was that said money was not obtained by any false pretext. We think his action in this respect was proper. The court was correct in not allowing the jury to consider evidence of this nature, and it occurs to us that he zealously sought to protect appellant in her legal rights.

Appellant also complains because the court declined to submit to the jury her special requested charges. We have examined each of them in connection with the court's main charge and reached the conclusion that there was no need for giving such instructions, inasmuch as the court fairly and adequately instructed the jury as to the law upon every issue raised by the evidence.

Bill of exception number two relates to the conduct of the district attorney in his closing argument to the jury. This bill is insufficient in that it fails to state any grounds of objection. Without stating a specific ground, the court would not be required to enter the field of speculation in an endeavor to find some grounds for her complaint. See Cope v. State, 39 S. W. (2d), 891; Gray v. State, 5 S. W. (2d), 518; White v. State, 84 S. W. (2d), 465; Vickers v. State, 169 S. W., 669.

All other matters complained of by appellant have been considered by us and are deemed to be without merit.

No error of a reversible nature appearing in the record, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING

GRAVES, JUDGE.—We have again carefully gone over the record herein, and read with interest the briefs furnished us on this motion.

While appreciating the care and effort on the part of appellant's attorney, as evidenced by such briefs, they present nothing new for our consideration. The points stressed therein have been treated in our original opinion, and thus correctly treated, so we think, and we adhere to the views as therein expressed.

The motion will therefore be overruled.