## THOMAS J. DIX V. THE STATE.

No. 20162.   Delivered February 15, 1939.

The opinion states the case.

*George R. Thomson, Claud J. Carter,* and *Claud J. Carter, Jr.,* all of San Antonio, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The conviction is for theft; punishment assessed is confinement in the state penitentiary for a term of seven years.

It appears from the record that in the early part of February, 1937, appellant appeared at the Union State Bank & Trust Company in the City of Laredo and applied for a loan of $10,000. He offered as collateral security twelve bonds in denominations of $1000 each which appeared to have been issued by the American Telegraph & Telephone Company of New York. He represented to Mr. P. H. Stanford, the Vice-President of the bank, that he was the owner of said bonds. Appellant's application for the loan was referred to the Board of Directors who approved it. The loan was made and the bonds were placed with the bank as security therefor. It subsequently developed that the bonds were forgeries. Appellant floated in all about eighty of such bonds in and about Houston and Laredo.

Appellant's first contention is that the evidence is insufficient to sustain his conviction for the offense of theft. That if he is guilty of any offense under the testimony, it is swindling and not theft, because the uncontradicted testimony shows that the President and Vice-President of the Union State Bank & Trust Company testified that when the loan was made, they intended to part with the title and possession of the money. That it was placed to the credit of appellant and he could use and handle it as he desired. Appellant did not testify or offer any affirmative defense.

We are of the opinion that his contention is well-founded and should have been sustained. The main question to be de-

termined is did the bank part with the title and possession of the money upon the false representation of appellant as to a present or past event? If this question is answered in the affirmative then the offense is swindling. 39 Tex. Juris., Sec. 7, p. 1057, lays down the following rule by which to determine whether the facts of the case bring it within the term "swindling."

"To constitute the crime of swindling, the false petense or representation must relate to an existing fact or past event; mere false promises or professions as to future happenings or events are insufficient."

The only false representation which the defendant made, according to the record, consisted in the offering of bonds, which, upon their face, appeared to be genuine and issued by the American Telegraph & Telephone Company, but which were in fact forgeries. Hence the false representation was only as to an existing fact, that is, as to the genuineness of the bonds. We think the facts in this case are similar, in effect, to the facts in the case of Speckels v. State, 130 Tex. Crim Rep., 639, Brown v. State, 138 S. W., 604, and Yoakum v. State, 68 Tex. Crim. Rep., 254.

We expressly disclaim any intention to hold that the sole controlling fact is in determining whether the offense is swindling or theft by false pretext is the intent of the injured party to part with the title to the property surrendered. See Anderson v. State, 77 Tex. Crim. Rep., 31, (177 S. W., 85) ; De Blanc v. State, 118 Tex. Crim. Rep., 628, (37 S. W. (2d), 1024) ; Contreras v. State, 118 Tex. Crim. Rep., 626, (39 S. W. (2d), 62) ; White v. State, 123 Tex. Crim. Rep., 282, (58 S. W. (2d), 530) ; Sherman v. State, 124 Tex. Crim. Rep., 273, (62 S. W. (2d), 146) ; Hoovel v. State, 125 Tex. Crim. Rep., 545, (69 S. W. (2d), 104) ; Haley v. State, 127 Tex. Crim. Rep., 177, (75 S. W. (2d), 272) ; Baldwin v. State, 132 Tex. Crim. Rep., 427, (104 S. W. (2d), 872) ; Lovine v. State, 122 S. W. (2d), 1069. The facts in all of said cases reveal that while the injured party may have intended to part with the title to his property, his surrender of it was brought about, in part at least, by some false representations regarding some subsequent thing promised to be done.

We find nothing in the present record which distinguishes this case from the ordinary case of swindling where the title to property is parted with on a false representation as to a past or present fact.

Having reached the conclusion that the facts in the case show a case of swindling and not theft, it will be necessary

to reverse the cause. We observe, however, from the record that the state, in the development of its' case, offered in evidence a photograph of one, Carl Silver, with some notations on the back thereof. The notations were not admissible and should not have been exhibited to the jury.

The judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.