J. E. RUMFIELD V. THE STATE.

No. 20884. Delivered March 20, 1940.
Rehearing Denied June 26, 1940.

The opinion states the case.

*Bennett & Bennett,* of Normangee, and *R. M. Allen,* of Henderson, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, Judge.

The offense is swindling; the punishment, confinement in the penitentiary for two years.

Appellant was engaged in the brokerage business in Henderson. Andrew J. Hardy, the injured party, gave appellant an order to buy for him (Hardy) 100 shares of Ohio Oil Company stock at a price of $12.50 per share, and 200 shares of Cities Service stock at a price of $2.00 per share. The total amount Mr. Hardy was to pay appellant after the stock had been purchased was $1677.50, including commissions appellant was to receive. According to the agreement, Mr. Hardy was not to pay for the stock until appellant had bought it for him. About ten days after the order had been placed appellant advised Mr. Hardy that he had bought the stock, and requested that he pay him the amount due him. Mr. Hardy testified that he believed the representation made by appellant to the effect that he had bought the stock was true, and that, relying upon such representation, he delivered $1677.50 to appellant. The proof developed that at the time the representation was made the stock had not been bought. Appellant spent the money he received from Mr. Hardy notwithstanding the stock at no time was purchased and delivered to Mr. Hardy.

Appellant testified that one of his employees had informed him before he (appellant) made the representation in question to Mr. Hardy that the stock had been bought and that he (appellant) believed his employee and acted in good faith in stating to Mr. Hardy that such stock had been bought for him. Appellant denied any intention to perpetrate a swindle.

It is appellant's contention that the offense, if any, shown by the evidence is embezzlement and not swindling .We are unable to agree with this contention. We quote from 39 Texas Jurisprudence 1054, as follows: "Embezzlement differs from swindling in that in embezzlement the property is fraudulently appropriated by the person to whom it had been entrusted,

whereas in swindling the property is wrongfully acquired in the first instance by means of some false pretense or device." In the present case the property of Mr. Hardy, according to the testimony of the state, was wrongfully acquired in the first instance by means of an alleged false representation by appellant to the effect that he had bought the stock in question for Mr. Hardy. Hence the offense was swindling and not embezzlement.

Appellant contends that the indictment is insufficient in failing to describe the stock with greater particularity. We are also unable to agree with this contention. The statement appellant made relative to the purchase of the stock was the alleged false representation which, according to the averments of the indictment, induced the injured party to part with the title and possession of his money. It was only necessary to set out the representation in such manner as that its nature and substance could be known from the averment. See Mathis v. State, 18 S. W. (2d) 920. Under this rule we think it is clear that the false pretense was sufficiently alleged and that it was not necessary to describe the stock involved with greater particularity in order to make known the nature and substance of such alleged false pretense.

In bill of exception No. 7 it is shown that the court refused to permit a physician to testify that he had advised appellant not to give any attention to his business during the year 1937. No facts or circumstances are set forth in the bill of exception to show the materiality of the proffered testimony. Hence the bill fails to reflect reversible error.

The court submitted appellant's requested instruction as follows: "I charge you as part of the law in this case that if you believe from the evidence that Hall Burton told the defendant that he had purchased for Andrew J. Hardy the 100 shares of oil company stock and the 200 shares of City Service stock, and that, acting upon said advice, and believing the same to be true, the said J. E. Rumfield did tell Andrew J. Hardy that he had bought for him said stock at the time when said money was paid to said J. E. Rumfield by Andrew J. Hardy, then you will acquit the defendant." Appellant submitted other requested instructions which the court refused to give. We think the main charge and the requested instruction the court gave covering appellant's affirmative defense adequately submitted to the jury the issues involved in the case.

After carefully considering all contentions made by appel-

lant, we are constrained to hold that reversible error is not presented.

The judgment is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, Presiding Judge.

In his motion for rehearing appellant again urges that his offense, if any, is embezzlement, and not swindling. In view of such insistence we have re-examined the record. If Mr. Hardy had placed money in the hands of appellant to use in the purchase of stock and appellant had converted the money to his own use instead of buying the stock, appellant would be guilty of embezzlement of the money which had thus come into his hands as Hardy's agent. However, as we understand the record, Hardy was not to furnish any money or pay for the stock until appellant had bought it for him. Therein we think lies the distinction. Appellant falsely represented to Hardy that he had already purchased the stock, whereupon Hardy delivered to appellant the $1,677.50 to cover the purchase price, when in fact no purchase had been made.

It is appellant's further proposition that if he is not guilty of embezzlement he should have been prosecuted for theft by false pretext and not swindling. It is sometimes difficult to distinguish between those two offenses. In swindling the false representation must be as to an existing fact or to a past event. Such are the facts here, false representations as to a purchase of stock already consummated; whereas, in theft by false pretext the representations may and usually do involve future promises upon which reliance is placed in parting with property. As illustrative see Haley v. State, 127 Tex. Cr. R. 177, 75 S. W. (2d) 272; Anderson v. State, 77 Tex. Cr. R. 31, 177 S. W. 85; Contreras v. State, 118 Tex. Cr. R. 626, 39 S. W. (2d) 62; Sherman v. State, 124 Tex. Cr. R. 273, 62 S. W. (2d) 146; Rundell v. State 90 Tex. Cr. R. 410, 235 S. W. 908; White v. State, 123 Tex. Cr. R. 282, 58 S. W. (2d) 530; Lovine v. State, 136 Tex. Cr. R. 32, 122 S. W. (2d) 1069; Baldwin v. State, 132 Tex. Cr. R. 427, 104 S. W. (2d) 872.

Believing proper disposition of the case was made by our original opinion, appellant's motion for rehearing is overruled.