# DOROTHY LILLIAN BOMAR V. INSURORS INDEMNITY AND INSURANCE COMPANY.

No. A-3135. Decided July 11, 1951.
Rehearing overruled October 10, 1951.
(242 S. W., 2d Series, 160.)

*Chrestman, Brundridge, Fountain, Elliott, & Bateman,* and *L. E. Elliott,* all of Dallas, for petitioner.

The Court of Civil Appeals erred in holding that the taking of insured's automobile by false pretext, with intent to appropriate it, and the appropriation thereof, was not theft under Article 1413 of the Penal Code. Anderson v. State, 177 S. W. 85; Automobile Underwriters v. Rhinehold, 255 S.W. 1116; Lovine v. State, 136 Texas Crim. Rep., 32, 122 S.W. 2d 1069.

*Strasburger, Price, Kelton, Miller & Martin, Mark Martin* and *Royal H. Brin, Jr.,* all of Dallas, for respondent.

The facts contended for by plaintiff did not constitute theft under the terms of the policy. Manning v. Miller, 206 S.W. 2d 165, error refused; Aetna Casualty & Surety Co. v. Salyers, 294 Ky. 826, 172 S.W. 2d 635; Dix v. State, 136 Texas Crim. Rep., 296, 124 S.W. 2d 998.

Mr. Justice Griffin delivered the opinion of the Court.

By a carefully designed and cleverly executed fraudulent pretext, inducing the belief that the purported purchaser of insured's automobile had made arrangements with a bank whereby a check given for the purchase price of the automobile would be paid when title cleared with the State Highway Department, one posing as James E. O'Boyle obtained possession of the insured's automobile, and a certificate of title to it, with intent to appropriate the property to his own use and benefit, and did so appropriate it.

The insured carried with appellee a "comprehensive" policy of insurance, including "Broad Form" of theft coverage, insuring against loss by theft, except "loss due to conversion, embezzlement or secretion by any person in lawful possession of the automobile under a bailment lease, conditional sale, mortgage or other encumbrance."

The facts are fully set out in the opinion of the Court of Civil Appeals found in 237 S.W. 2d 441. That Court affirmed the judgment of the trial court denying to petitioner any recovery under the insurance policy issued to petitioner by respondent. By such action the Court of Civil Appeals, in its majority opinion, held the facts of this cause did not constitute "theft",

as defined by our statutes. The facts are undisputed in that only one witness testified. He was Mr. Wallace who had the car in his possession and delivered the car and the clear title certificate to O'Boyle, the party perpetrating the fraud.

Our statutes define theft by false pretext as follows:

"The taking must be wrongful, so that if the property came into the possession of the person accused of theft by lawful means, the subsequent appropriation of it is not theft, but if the taking, though originally lawful, was obtained by any false pretext, or with any intent to deprive the owner of the value thereof, and appropriate the property to the use and benefit of the person taking, and the same is so appropriated, the offense of theft is complete." Art. 1413, Penal Code, Vernon's Annotated Criminal Statutes.

■ The constituent elements of this crime are declared to be: (1) obtaining the property by means of a false pretext; (2) at the time the property is so obtained the accused had the intent to deprive the owner of the value thereof, and to appropriate it to his own use and benefit; and (3) pursuant to said intent said property was appropriated by the accused. King v. State, 152 Texas Crim. Rep., 255, 213 S.W. 2d 541 (1); Dixon v. State, 152 Texas Crim. Rep. 504, 215 S.W. 2d 181, and cases therein cited; 41 Tex. Jur., p. 68, "Theft", Sec. 46; Annotations to Article 1413, Vernon's Penal Code, 1925, Vol. 3, 1st col., p. 170.

Respondent contends that the crime is that of swindling, and, therefore, does not come within the terms of the policy which covers theft only.

In the case of Lovine v. State, 136 Texas Cr. 32, 122 S.W. 2d 1069, Madame Lovine had obtained possession of more than $50 from the prosecuting witness under the representation that for such sum she would show the prosecuting witness where some treasure was buried on lands in Travis County, Texas, in which accused advised the witness he had an interest. She could not deliver and was tried and convicted of theft. In affirming the case the Court of Criminal Appeals said:

"Any contention by appellant that the crime committed was swindling instead of theft by false pretext is against the uniform holdings of this court. In Ruling Case Law, Vol. 17, p. 13, many precedents are cited for the following proposition, among them many Texas cases: 'If a person with a preconceived de-

sign to appropriate property to his own use, obtains possession of it by means of fraud or trickery, the taking under such circumstances amounts to larceny, because in such cases the fraud vitiates the transaction, and the owner is still deemed to retain a constructive possession of the property, and the conversion of it is a sufficient trespass, or, as is sometimes said, the fraud or trick practiced on the owner is equivalent to a trespass.' "

■ It is further claimed that since the title to the car and to the certificate passed to O'Boyle the offense could not be theft, but must be swindling. That distinction between the crimes of swindling and theft, although formerly recognized as being the dividing line between the two offenses, is no longer so recognized by the Court of Criminal Appeals.

In the case of Roe v. State, 140 Texas Cr. 387, 144 S.W. 2d 1104, 1108, it is said:

"We desire to make it clear that under some circumstances the offense of theft would be complete although the owner of the property parts with both the title and possession thereof, if he is induced to do so by some false pretext, and the other elements are present which constitute the offense. One reason is that the false pretext may be such that it involves future happenings and would not support a swindling charge. Illustrative, see Contreras v. State, 118 Tex. Cr. R. 626, 39 S. W. 2d 62; White v. State, 123 Tex. Cr. R. 282, 58 S. W. 2d 530; Sherman v. State, 124 Tex. Cr. R. 273, 62 S. W. 2d 146; Hoovel v. State, 125 Tex. Cr. R. 545, 69 S. W. 2d 104; Haley v. State, 127 Tex. Cr. R. 177, 75 S. W. 2d 272, Baldwin v. State, 132 Tex. Cr. R. 427; 104 S. W. 2d 872; Lovine v. State, 136 Tex. Cr. R. 32, 122 S. W. 2d 1069."

Also it is said in the case of Johnson v. State, 144 Texas Cr., 392, 162 S.W. 2d 980, 982:

"The fallacy relative to the distinction between swindling and theft by false pretext being the delivery or not of title, has long since been departed from by this court in the following cases: De Blanc v. State, 118 Tex. Cr. R. 628, 37 S. W. 2d 1024; White v. State, 123 Tex. Cr. R. 282, 58 S. W. 2d 530; Contreras v. State, 118 Tex. Cr. R. 626, 39 S. W. 2d 62; Sherman v. State, 124 Tex. Cr. R. 273, 62 S. W. 2d 146; Hoovel v. State, 125 Tex. Cr. R. 545, 69 S. W. 2d 104; Haley v. State, 127 Tex. Cr. R. 177, 75 S. W. 2d 272; Baldwin v. State, 132 Tex. Cr. R. 427, 104 S. W. 2d 872; Lovine v. State, 136 Tex. Cr. R. 32, 122 S. W. 2d 1069; New v. State, 129 Tex. Cr. R. 16, 83 S. W. 2d 668.

"In De Blanc v. State, supra, Judge Morrow writes an exhaustive opinion on the difference between theft and swindling, and discusses many cases, and there refused to follow the doctrine that the passing of title as well as possession is the line of demarcation between swindling and theft; it is also therein shown that if the two offenses are both found in the fact, then Art. 1549, P. C., resolves the prosecution under the theft statute.

"The remaining cases above cited follow the doctrine laid down in the De Blanc case, supra."

■ Under the facts of this case we think there can be no doubt that O'Boyle obtained the title and possession of this car and its certificate of title from Wallace by means of a carefully designed and cleverly executed fraudulent scheme to deprive the owner of the car and appropriate it to O'Boyle's own use and benefit. Therefore, O'Boyle was guilty of the crime of theft as known to the laws of Texas.

The Supreme Court of Arkansas, in holding the insurance company liable under a policy insuring the car owner against loss from "theft, larceny, robbery or pilferage", has a most excellent discussion of this problem. Those who are interested in further pursuing the subject should read the case of Central Surety Fire Corp. v. Williams, 213 Ark. 600, 211 S.W. 2d 891, and the authorities therein cited.

Next it is contended by the respondent that because O'Boyle was able to pass a good title to the person who purchased the car from him, and to whom O'Boyle transferred the certificate of title, the offense could not be theft, because a thief can never transfer good title to stolen property. This is not a contest between the car owner and the one purchasing the stolen car from a thief. The contention of respondent is answered effectively by the language of this Court in McKinney, et al v. Croan, 144 Texas 9, 188 S.W. 2d 144, (8,9), where it is said:

"We recognize that ordinarily where one clothes another with the indicia of ownership of personal property, he may be estopped to assert title to the property as against a purchaser from one having such indicia of title. 21 C. J. 1176; 31 C. J. S., Sec. 105, p. 332; 37 Tex. Jur. 489. But in order for such a rule to be applicable there must be some negligent or wrongful act or omission on the part of the true owner conferring on the person selling the goods the appearance of ownership. 59 C. J. 639. Such a doctrine is not applicable in this instance because Croan did not intrust Linney with the possession of either the

certificate of title or the motor vehicle. Linney stole both of them. The rule can have no application where both the vehicle and the certificate of title had been stolen."

Respondent further contends that it is not liable because of the following exception contained in the policy issued: "except loss due to conversion, embezzlement or secretion by any person in lawful possession of the automobile under a bailment lease, conditional sale, mortgage or other encumbrance." This exception does not cover the facts of this case because O'Boyle was not in lawful possession of the automobile in the first place. The cases cited above demonstrate that O'Boyle's possession was unlawful, he having obtained possession of the automobile by fraud and false pretext. In the next place, O'Boyle did not have the car under either a "bailment lease", or "a conditional sale", or "a mortgage", or "other encumbrance". This being true the exception does not apply.

Respondent also contends that to hold it liable under the facts of this case will make a policy, such as the one sued on, have the effect of becoming a guarantee of the financial responsibility of all purchasers of automobiles on credit. The answer to such contention is that credit sales do not constitute theft and here we hold respondent liable only for the contingency against which it insured petitioner, to-wit: theft of her automobile.

We think the majority opinion of the Court of Civil Appeals correctly disposes of respondent's contention that because Wallace was an interested witness, and the only witness to testify, the trial judge, as trier of the facts, could find against the uncontroverted evidence of Wallace, and that such finding is binding on the appellate courts.

It follows that petitioner should recover under the terms of the policy held by her, we having held that the facts of this case show that the petitioner lost her car as a result of the theft of same by O'Boyle. There is an agreement in the record between the parties "that the reasonable cash market value of the car in Dallas, Texas, at that time that Mr. Wallace parted with possession of it was $2750.00.

The judgments of both courts below are hereby reversed and judgment is here rendered that the petitioner recover of and from the respondent the sum of $2,750.00, together with

legal interest from and after July 9, 1949, and for all costs of all courts.

Opinion delivered July 11, 1951.

Rehearing overruled October 10, 1951.