### ERNEST C. BROWN V. STATE

No. 25718. February 20, 1952.

Hon. Roy D. Jackson, Judge Presiding.

No attorney for appellant of record on appeal.

*George P. Blackburn*, State's Attorney, Austin, for the state.

DAVIDSON, Judge.

This is a conviction for attempting to pass a forged instrument, with punishment assessed at three years and fifteen days in the penitentiary.

The instrument which was the subject of this prosecution was a treasury warrant drawn upon the treasurer of this state by the Comptroller of Public Accounts in the sum of $40, payable to the order of Frank Booker out of the Unemployment

Compensation Benefit account. The alleged forgery was predicated upon the forged endorsement of Frank Booker on the back of the warrant.

It is contended that there is a fatal variance between the purport and tenor clause of the indictment, in that in the purport clause the instrument is described as a "certain bank check in writing," while in the tenor clause the "said bank check and forged indorsement" describes the treasury warrant referred to.

Obviously, the warrant was not a bank check, which is a bill of exchange drawn upon a bank payable upon demand. Art. 5947, Sec. 185, Vernon's R. C. S.

A similar situation to that here presented was before us in Seely v. State, 139 Tex. Cr. R. 505, 141 S. W. 2d 325, wherein we held, in effect, that inasmuch as the indictment set out in haec verba the alleged forged instrument, such description prevailed over a variant general description. Such holding is applicable and controlling here.

The warrant, as set out and described in the indictment, upon its face showed and contained the following wording: "Void after one year from date." The date of the warrant was April 13, 1951. The indictment did not allege when the endorsement of Frank Booker was forged on the back, nor did it allege that appellant forged the endorsement. The sole allegation with reference to this matter is to the effect that appellant attempted to pass the instrument bearing the forged endorsement, knowing it to be forged.

The question arises as to whether the indictment should have alleged the date of the forged endorsement or should have alleged that it was forged within one year from the date of the warrant—this, upon the theory that the warrant by the provision above mentioned became void upon its face and therefore non-negotiable after one year from the date thereof.

The offense was alleged to have been committed on the 18th day of April, 1951, or five days after the date of the warrant, while the indictment was returned and filed on June 15, 1951.

These facts are deemed sufficient to show that the endorsement was forged within one year from the date of the warrant,

rendering unnecessary an additional or specific allegation of that fact.

That the false endorsement of the payee's name on the back of the state warrant constitutes forgery is no longer debatable. Dreeben v. State, 71 Tex. Cr. R. 341, 162 S. W. 501; Seely v. State, supra.

The facts abundantly establish appellant's guilt. No necessity exists to here detail them.

The judgment is affirmed.

Opinion approved by the court.