AGNES CARROLL V. STATE.

No. 30,527. March 25, 1959.
Motion for Rehearing Overruled April 29, 1959.

DAVIDSON, Judge, dissented.

*William C. McDonald,* San Angelo, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is theft by false pretext; the punishment, four years.

Mary Wilde, a long-time patient at a San Angelo hospital, testified that the appellant came to her room in the hospital and told her that her brother had made a contribution for the installation of new windows at the Catholic church near her home in Ballinger and suggested that the appellant see her to secure a further contribution. She testified that she signed a check payable to the appellant and which the appellant had prepared in the sum of $500.00 for the purpose indicated in the appellant's conversation.

It was shown that there was no project for the installation of new windows at the Catholic church in question.

A detailed recitation of the facts is not called for because the appellant testified to all the salient facts, admitting having taken the check in question to the First National Bank in Ballinger where she cashed it, as the bank president testified, but claimed that she was acting as an innocent agent for one Mary Reed.

Mary Reed, who was serving a term in the penitentiary for her participation in the theft of this and other checks from the injured party, was called in rebuttal by the state and testified that she and not the appellant was the innocent agent in the transaction.

By motion to quash and motion for instructed verdict, the appellant asserted that if she was guilty of any offense it was that of embezzlement and not that of theft because the check was made payable to her and because the injured party testified that at the time she signed the check she did so willingly and

gave her consent for the appellant to take the same with her when she left the hospital.

Appellant cites and relies upon only one case, Elbury v. State, 114 Texas Cr. Rep. 269, 25 S.W. 2d 846. She overlooks the fact that the fallacy of the holding in Elbury and other kindred holdings was recognized and departed from by this court in De Blanc v. State, 118 Texas Cr. Rep. 628, 37 S.W. 2d 1024; Contreras v. State, 118 Texas Cr. Rep. 626, 39 S.W. 2d 82; White v. State, 123 Texas Cr. Rep. 282, 58 S.W. 2d 530; Sherman v. State, 124 Texas Cr. Rep. 273, 62 S.W. 2d 146;; Hoovel v. State, 125 Texas Cr. Rep. 545, 69 S.W. 2d 104; Haley v. State, 127 Texas Cr. Rep. 177, 75 S.W. 2d 272; New v. State, 83 S.W. 2d 668; Baldwin v. State, 132 Texas Cr. Rep. 427, 104 S.W. 2d 872; Lovine v. State, 136 Texas Cr. Rep. 32, 122 S.W. 2d 1069; and Johnson v. State, 144 Texas Cr. Rep. 392, 162 S.W. 2d 980. See also 39 Texas Juris., sec. 3, p. 1053, and Bomar v. Insurors Indemnity & Ins. Co., 242 S.W. 2d 160.

Conner v. State, 133 Texas Cr. Rep. 429, 111 S.W. 2d 723, answers appellant's contention that she could not be guilty of theft by false pretext because the injured party consented to her taking the check. There, we said:

"The consent of the owner, if obtained by means of a false pretext, is no defense to a charge of theft, if the intention of the accused, at the time of the taking, was to divest the owner of his property."

Finding no reversible error, the judgment of the trial court is affirmed.

DAVIDSON, Judge, (dissenting).

This is a conviction for the theft of a check. It is not a conviction for the theft of the money which was obtained by the check.

It was the option of the state to bring this prosecution as it did—that is, for the theft of the check (Worsham v. State, 56 Texas Cr. Rep. 253, 120 S.W. 439), but when it did the state assumed the burden of discharging the obligations necessary to a conviction for the theft of the check.

The indictment follows the regular form for charging felony theft.

The description of the property allegedly stolen is as follows:

"* * * one check drawn on the First National Bank of Ballinger, Texas, payable to Agnes Carroll, in the amount of $500.00, and signed by Mary Wilde * * *." '

The check was not set out, haec verba, in the indictment. The above is the only description of the check therein.

By motion to quash, appellant challenged the suffiiciency of the indictment in that it failed to charge an offense and because the check was not set out, haec verba, therein and the state did not account for its failure to do so.

The motion was overruled.

Appellant's contention appears to be supported by the cases of:

Leinart v. State, 159 Texas Cr. Rep. 220 S.W. 2d 504,
Perry v. State, 141 Texas Cr. Rep. 291, 148 S.W. 2d 412,
Burns v. State, 112 Texas Cr. Rep. 328, 16 S.W. 2d 538, and
Holland v. State, 110 Texas Cr. Rep. 384, 10 S.W. 2d 561.

The defect in the description of the check appears to rest mainly in the fact that the date of the check is not shown. There is nothing, then, in the description of the check as set out in the indictment which showed that it was in existence or that it was, in fact, property at the time the offense was alleged to have occurred or the indictment returned.

Inasmuch as the state had the check in its possession, the better practice would have been to set out, haec verba, the check in the indictment.

A far more serious error is reflected by this record than that relating to the sufficiency of the indictment, however, that being the variance between the description of the check as contained in the indictment and the check which was offered and received in evidence in support of that allegation.

To support the allegation in the indictment, the state offered

the check in evidence, a photostatic copy of which is here attached:

A check is a bill of exchange drawn upon a bank and payable upon demand. Art. 5947, Sec. 185, R. C. S.; Brown v. State, 157 Texas Cr. Rep. 30, 246 S.W. 2d 197. For an instrument to be a check within the meaning of that term it must be drawn upon a bank and it must constitute an unconditional order to pay on demand a specific sum of money to the person named in the check. Full Gospel Assemblies in Christ, et al, v. Montgomery Ward & Co., Inc., 237 S.W. 2d 657.

The above instrument met those requirements because, upon its face, it was an order drawn upon:

<u>"THE FIRST NATIONAL BANK"</u>
"Texas."

But "The First National Bank,      Texas" is not "The First National Bank of Ballinger, Texas," as alleged in the indictment.

Thus is there shown a fatal variance between the name of the bank upon which the check was drawn and the bank upon which the indictment alleged the check to be drawn.

The name "Balanger" hand-printed above the date line would be presumed to be correct as to the place where the check was executed, under the rule of law that "Where there is a conflict between the written and printed provisions of the instrument, the written provisions prevail." Art. 5932, Sec. 17, R. C. S.

Nowhere in the check is the word "Ballinger" printed or

written, as descriptive of or as a part of the name of the bank. To hold, therefore, that the check offered in evidence was drawn upon "The First National Bank of Ballinger, Texas," as alleged in the indictment, would be contrary to the express provisions of the check and would be to write into the check that which is not there and thus create a new check.

The proof wholly failed to show that the check introduced in evidence was the check described in the indictment.

There is another reason why this conviction should not be affirmed:

In order for one to be guilty of the theft of a check it must be shown that the check itself had a value. Rasbury v. State, 136 Texas Cr. Rep. 506, 126 S.W. 2d 972.

The value is usually shown by proof that it would have been paid upon presentation. Here, there is no proof that there is a "First National Bank,        Texas," or that the drawer of the check had an account in that bank and the check would have been paid upon presentation.

The First National Bank of Ballinger, Texas, had the right to pay a check drawn upon "the First National Bank,____,Texas" but the payment thereof did not establish the fact that the check had a value. The value of the check was to be determined upon its presentation for payment by the bank upon which it was drawn. Until that was done the value of the check had not been shown.

Any money The First National Bank of Ballinger, Texas, paid on the check was at its own risk.

In so far as this record is concerned, the check here involved has never been presented for payment to the bank upon which it was drawn. Therefore, any money the appellant obtained on the check was the property of The First National Bank of Ballinger, Texas, and not the property of the payee of the check.

The facts wholly fail to establish the allegations of the indictment.

I am not unaware that to follow the reasoning here employed may appear to be what is called a "technicality." Such may be

true, but by the allegations of the indictment the state necessitated the occasion for such reasoning.

The state could have set out the check which it charged has been stolen and by explanatory averments allege that it was a valid check drawn upon The First National Bank of Ballinger, Texas, but this the state did not do, preferring, rather, to describe the check as set out in the indictment.

In so doing, the state assumed the burden of proving that which it did not and could not prove by the check offered in evidence.

Until one has been tried and convicted according to law, he has not received that to which he is entitled by law.

This appellant has not been convicted according to law.

The judgment should be reversed.

I dissent.